## Case No. 15,572.

### UNITED STATES v. LAWRENCE.

[13 Blatchf. 211.][1]

Circuit Court, S. D. New York. Dec. 8, 1875.

FORGERY—CUSTOM HOUSE PAPERS—OWNER'S OATH
—INDICTMENT.

1. Under section 1 of the act of April 5, 1866 (14 Stat. 12), now section 5418 of the Revised Statutes of the United States, which provides a penalty for the forging of "any bid, proposal, guarantee, official bond, public record, affidavit, or other writing, for the purpose of defrauding the United States," the words "other writing" includes an owner's oath required to be taken before making an entry of goods at the custom house, and an import entry, and an importer's bond.

[Cited in U. S. v. Huggett. 40 Fed. 642; U. S. v. Albert, 45 Fed. 557.]

[Quoted in Edgecomb v. His Creditors (Nev.) 7 Pac. 540.]

2. The fact that section 3 of the act of March 3, 1863 (12 Stat. 739), now section 5445 of the Revised Statutes of the United States, punishes as a misdemeanor all acts done in effecting an entry of goods, furnishes no reason why forgery of writings used in entering goods at the custom house should not be punished under section 1 of the act of April 5, 1866.

3. It is not necessary that an indictment founded on section 1 of the act of 1866, and alleging the forgery of writings used in entering goods at the custom house, should allege the existence of the goods mentioned in the writings.

[This was an indictment against Charles L. Lawrence.]

Benjamin B. Foster, Asst. U. S. Dist. Atty.
Benjamin F. Tracy, for defendant.

BENEDICT, District Judge. This case comes before the court upon a demurrer to the indictment. The indictment contains nine counts, in sets of three each. The first count of each set charges the forging of a certain writing for the purpose of defrauding the United States. The second count of each set charges the uttering of a similar writing, with like intent. The third count of each set charges, that the defendant did transmit to, and present at, an office of an officer of the United States, a writing similar to that set forth in the other counts. In each count the writing is set forth at length. The writing set forth in the first set of counts is what is known as an owner's oath, required by law to be taken before making an entry of goods at the custom house. The writing set forth in the second set of counts is an import entry. The writing in the third set of counts is an importer's bond. The indictment is framed under the act of April 5, 1866 (14 Stat. 12), now found reproduced in section 5418 of the United States Revised Statutes. which provision provides a penalty for the forging of "any bid, proposal. guarantee. official bond, public record, affidavit or other writing. for the purpose of defrauding the United States."

The first position taken in support of the

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

demurrer is, that the rule of construction, according to which general words are restricted by particular words, should be applied to this statute, and the meaning of the words "other writings," in this provision, restricted so as to exclude from the operation of the statute such writings as are set forth in this indictment. The rule here invoked is not an arbitrary rule, but one of many resorted to for the ascertainment of the intent of the legislator, when such intent is not otherwise apparent. To apply it to all general words would often defeat the intention of the legislator, and such, in my opinion, would be its effect if applied to this statute. Nothing in the language used, nor in the mischiefs intended to be remedied, nor in the circumstances under which the statute was enacted, indicates that the words "other writings" were used in a restricted sense, but the contrary. Various writings are mentioned, but these writings have no common object, nor any characteristic features common to all, from which to infer an intention to restrict the effect of the provision to any particular class of writings. The language of the statute furnishes, therefore, no criterion by which to restrict its general words. This statute, at the time of its enactment, its title and its language show, was passed in consequence of the decision of the circuit court in the case of U. S. v. Barney [Case No. 14,524]. In that case, the defendant was charged under the act of March 3, 1823 (3 Stat. 771), with forging a bond similar in character to the one set out in this indictment. The court held that the bond was not covered by the act of 1823, because that act was limited to writings forged for the purpose of obtaining money of the United States. The forging of all writings other than those made for the purpose of obtaining money of the United States being found to be unpunished by the act of 1823, the act of 1866 was passed almost immediately thereafter. and in consequence of the announcement of that decision. The object of the act was to cover the forging of writings found to be without the scope of the act of 1823. This is made apparent by comparing the title and the language of the act of 1866 with the act of 1823.

It is further to be observed, that the act of 1823 considered by the court in the Case of Barney, contains the same general words found in the act of 1866, used in the same way. But it was not contended in that case that the bond counted upon was not covered by these general words, while the tenor of the opinion of the court plainly shows that the general words "other writings," in the act of 1823, were considered as having their natural and general meaning, and not as restricted by the particular words used in connection therewith. The opinion of the court upon the act of 1823 affords, therefore, strong support to this indictment.

Furthermore. inasmuch as the act of 1866, enacted under the circumstances stated, uses

the words of the act of 1823, now under consideration, the inference must be, that those words were intended to be understood in the new act as they had been understood by the court in the former act. The intention of the legislator being thus disclosed, there is no room, therefore, for the application of the rule of ejusdem generis.

But, it is said, some limitation of the general words of the act of 1866 is rendered necessary by the provisions found in the third section of the act of March 3, 1863 (12 Stat. 739), reproduced in section 5445 of the Revised Statutes. The argument is this: The act of 1863 punishes as a misdemeanor all acts done in effecting an entry of goods. The writings set out in this indictment appear, on their face, to be elements of the act of entering goods, and, if held to be covered by the act of 1866, an absurdity will result, because, while the completed transaction is punished as a misdemeanor, a part of it may be selected out and be punished as a felony. Therefore, it is said, the statute of 1866 must be construed as not applicable to any writing within the scope of the statute of 1863, according to which the act here complained of would be punishable under the act of 1863, and not under the act of 1866. In respect to this argument, assuming, for the present, that the offences created by the statute of 1863 are misdemeanors, and those created by the statute of 1866 are felonies, it is to be observed, that the statute of 1863 does not necessarily include an act of forgery, nor, indeed, any act done in the preparation of papers preliminary to an entry of goods. A full and proper effect is given to the act of 1863, by construing it as applicable to the act of entering goods, and of aiding in making an entry. Moreover, the entry, to be punishable under the statute of 1863, must be made at less than the true weight or measurement, or by a false classification as to quantity or value, or by the payment of less than the amount of duties legally due. But, none of these features appear here, and it cannot, therefore, be said, that the acts here complained of are punishable under the statute of 1863. Besides, it is plain that an act which, under some circumstances, may be an element of a transaction also punishable as a substantial offence, may, by itself, be an offence when made such by a statute. It would hardly be supposed that a defence to an indictment for forgery would be made out by showing that the forged paper was used to extort money, although, in such case, an indictment would lie for the misdemeanor as well as for the felony; and no absurdity arises although the punishment attached to the felony be greater than that prescribed for the misdemeanor.

It must also be remarked, that, to complete the offence created by the statute of 1866, it is not necessary that the United States should have been actually defrauded. The act of forgery, done with the intent to defraud the

United States, is the act punishable by the statute of 1866, and the statute takes effect when the forgery is committed, although no entry of goods be made, or any other act done towards the completion of the fraud; and this consideration appears to answer the remaining ground urged in support of this demurrer, that the indictment is bad because it does not aver the existence of such goods subject to duty as are referred to in the writings set out. The existence of such goods would naturally appear in proving an intent to defraud the United States, but it is possible that the forgery of those writings with the purpose of defrauding the United States, may be shown without proof that, in fact, there were at the time any such goods.

Moreover, in determining whether the writing set forth is sufficient, without extrinsic averments, to sustain a charge of forgery, "all the extrinsic circumstances tending to the fraud, which are implied in the writing, shall be taken to exist." People v. Stearns, 21 Wend. 409. Certainly, the existence of such goods is implied in the writings set forth in this indictment. It is not necessary, in an indictment for forgery, to set out such a state of things existing in fact, that the writing, if genuine, would necessarily or probably affect a right of the United States. When the writings appear, by their language, to be such that they might have the effect to defraud the United States, it is sufficient to set them out, averring generally the intent to defraud the United States, but omitting all extrinsic circumstances. See People v. Stearns, above referred to, and the cases there cited.

For these reasons I am of the opinion that the demurrer must be overruled.

[For further proceedings under this indictment, see Case No. 15,573.]