HERMANEK v. CHICAGO & N. W. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. March 29, 1911.)

No. 3,388.

1. MASTER AND SERVANT (§ 190*)—INJURIES TO SERVANT—SUITABLE TOOLS— DUTY TO FURNISH—DELEGATION.

The duty to furnish a servant suitable tools being a positive duty of the master, the delegation of such duty to another servant renders the latter in the performance thereof a vice principal and not a fellow servant of an employé injured by a failure to properly perform the same.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 449–474; Dec. Dig. § 190.*]

2. MASTER AND SERVANT (§ 221*)—INJURIES TO SERVANT—DEFECTIVE TOOLS— PROMISE TO REPAIR—ASSUMED RISK.

An employé does not assume the risk by continuing to work a reasonable length of time with worn and defective tools, after having notified the employer or foreman standing in the employer's place of the worn and defective condition of the tools, and obtaining a promise that new or repaired ones would be obtained and furnished, and this whether the defective tools were simple or complex.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 638–647; Dec. Dig. § 221.*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

3. MASTER AND SERVANT (§ 285*)—INJURIES TO SERVANT—DEFECTIVE TOOLS— QUESTION FOR JURY.

Where plaintiff, a trackman, was injured by being struck by the head of a spike he was endeavoring to pull with a clawbar, and the evidence

was conflicting on the question whether the clawbar, by reason of the edges of the claws being worn and dulled, would not take hold of the spike as far below the head as a sharp bar would, thereby rendering it unsafe for use, whether the head of the spike broke because of the use of a dull and worn clawbar, and whether such condition was the proximate cause of the injury, *held* for the jury.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 285.*]

4. MASTER AND SERVANT (§ 289*)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Where a railroad trackman was struck and injured by the head of a spike while he was endeavoring to withdraw it with a dull clawbar, whether plaintiff was negligent in standing with his face downward directly over the spike was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089–1132; Dec. Dig. § 289.*]

Adams, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Northern District of Iowa.

Action by John Hermanek against the Chicago & Northwestern Railway Company. Judgment for defendant, and plaintiff brings error. Reversed.

F. F. Dawley (C. W. Bingham and C. E. Wheeler, **on the** brief), for plaintiff in error.

James C. Davis (J. M. Grimm, J. H. Trewin, and A. A. McLaughlin, on the brief), for defendant in error.

Before HOOK and ADAMS, Circuit Judges, and WM. H. MUNGER, District Judge.

WM. H. MUNGER, District Judge. This action was brought to recover for a personal injury sustained by plaintiff while in the employ of the defendant as a section hand at work upon defendant's line of road. The injury occurred while plaintiff and a coemployé were in the act of pulling a spike out of a tie by the use of a clawbar and spike maul; plaintiff holding the clawbar, and his coemployé using the maul to drive the clawbar under the head of the spike. While thus working, the head of the spike broke off and struck the plaintiff in the eye, causing the injury complained of.

The negligence charged against defendant is that it failed to furnish the plaintiff a proper and safe clawbar with which to draw spikes; the clawbar in question having become worn in such a manner that the head of the spike was more likely to be broken off than with a perfect bar, with sharp edges, which would catch against the body of the spike. At the close of the evidence the trial judge directed a verdict for the defendant, and the case is brought here for review.

Four questions have been presented and argued: (1) Did the plaintiff assume the risk of an injury of the character in question? (2) The accident resulting from the ordinary use of a simple hand tool, and there being no hidden dangers, and no complications connected with the use of the same, was there actionable negligence on the part

of the defendant? (3) Was the plaintiff guilty of contributory negligence, in that, with full knowledge of the dangers incident to driving a clawbar under the head of a spike with a spike maul, he stood directly over the spike, in a position where injury would naturally result if the head of the spike flew off? (4) Was the negligence, if any, of John Barry, the foreman, the negligence of a coemployé, for which the defendant would not be liable?

[1] The evidence discloses that the railroad company kept a stock of tools, including clawbars, on hand at its shops in Clinton; also repaired and sharpened bars that were sent there; that it was the practice and duty of Barry, defendant's section foreman, when the tools became worn and needed repairing, to send them to Clinton for repair, and either other like tools, properly repaired, were sent the foreman, or the defective and worn ones sent in were repaired and returned to him; that it would take two or three days to send the tools from the section upon which plaintiff was working to Clinton to have them repaired and returned. Such being the case, Barry, the section foreman, was not a coemployé in respect to this particular matter. The duty to furnish the plaintiff with proper and suitable tools was a positive duty of the defendant. Barry, the section foreman, was the employé to whom the defendant had intrusted the duty of seeing when the tools upon his section required repairing, and the duty of having them, when worn and needing repair, sent to defendant's shops for that purpose; and, as the duty of furnishing suitable and safe tools was a positive duty imposed upon defendant, it having delegated that duty to Barry, he was not, in that respect, a coemployé of defendant. Hough v. Railway Co., 100 U. S. 213–219, 25 L. Ed. 612; Northern Pac. R. R. Co. v. Peterson, 162 U. S. 346–353, 16 Sup. Ct. 843, 40 L. Ed. 994; Homestake Mining Co. v. Fullerton, 16 C. C. A. 545, 69 Fed. 923.

[2] The evidence discloses that the plaintiff, on one or two occasions before the injury in question, complained to Barry, the foreman, of the worn and defective condition of the bars in question, and that they were dangerous to use; Barry stating in response thereto that he would fix them or send them to Clinton to be fixed. Whether the evidence in this regard shows a specific promise upon the part of Barry to procure new or repaired bars, that plaintiff so understood Barry's promise, and relied upon the same, is not altogether clear; but the evidence in this respect is of such a character that it should have been submitted to the jury to say whether or not Barry's statements to plaintiff were intended by Barry, and understood by plaintiff, to be a promise that new or repaired tools would be furnished, and whether plaintiff continued to work with the tools, relying upon such promise. The law is that an employé does not assume the risk by continuing to work a reasonable length of time with worn and defective tools, after having notified the employer, or the foreman, standing in the place of the employer, of the worn and defective condition of the tools, and obtained from the employer, or foreman, standing in his place, a promise that new ones or repaired ones would be obtained and furnished. Hough v. Railway Co., supra; Homestake

Mining Co. v. Fullerton, supra; Cudahy Packing Co. v. Skoumal, 60 C. C. A. 306, 125 Fed. 470.

[3] Upon the question as to whether the clawbar, by reason of the edges of the claws being worn and dulled, would not take hold of the spike as far below the head as a sharp one would, thereby rendering it unsafe for use, the evidence was conflicting, so that it was for the jury to say whether the head of the spike broke off because of the use of the dull and worn clawbar, and whether such condition was the proximate cause of the injury. No sound reason exists for a different rule being applied to a simple tool than to a complex one, when the defective and dangerous character has been called to the master's attention by the servant, and a promise made by the master that the defect would be remedied or a new tool furnished. Louisville Hotel Co. v. Kaltenbrun, 80 S. W. 1163, 26 Ky. Law Rep. 208. To the same effect may be said to be Cudahy Packing Co. v. Skoumal, supra.

[4] Whether plaintiff was guilty of such contributory negligence as to defeat a recovery by standing with his face downward directly over the spike which was being drawn was clearly a question of fact to be submitted to the jury.

The judgment is reversed, and a new trial granted.

ADAMS, Circuit Judge, dissents.