### BOLAND v. GREAT NORTHERN RY. CO.

(Circuit Court of Appeals, Ninth Circuit. February 3, 1913.)

No. 2,169.

1. MASTER AND SERVANT (§ 270*)—NEGLIGENCE—RELEVANCY OF EVIDENCE.
    Where, in an action for injuries to a railway employé by being struck by a steel chip from a cold chisel, plaintiff claimed that defendant was negligent in failing to furnish proper tools, to wit, the chisel, and tes- tified that plaintiff's section foreman was the only man who furnished the tools, and hired and discharged men, and that no warning was given plaintiff as to the condition of the tool, evidence that tools were only furnished by defendant's store on requisition of the section foreman after proper inspection, that the foreman had no authority to purchase or ob- tain tools elsewhere, and that the chisel in question had not been so furnished, was relevant and material, as bearing on the foreman's au- thority in furnishing the same.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 913–927, 932; Dec. Dig. § 270.*]

2. APPEAL AND ERROR (§ 204*)—QUESTIONS NOT RAISED AT TRIAL—REVIEW.
    An objection to evidence. not presented to the trial court, cannot be re- viewed on appeal.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1149, 1258–1272, 1274–1278, 1280, 1569; Dec. Dig. § 204.*]

3. APPEAL AND ERROR (§ 263*)—ISSUES—SUBMISSION—WAIVER OF ERROR.
    Plaintiff, by failing to except to an instruction submitting a question of the authority of his section foreman to furnish tools not provided by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant in accordance with its requisition rules, consented to the submission of the case to the jury in the manner in which the issues were stated in the charge, including the question whether the foreman was acting within the scope of his authority.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. § 263.*]

In Error to the District Court of the United States for the Western District of Washington; George Donworth, Judge.

Action by James Boland against the Great Northern Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

The plaintiff in error was the plaintiff in the court below, and he alleged in his complaint in substance that, while working as a section laborer for the defendant, the latter negligently furnished him with a defective cold chisel to be used with a hammer; that, while using the same in a proper manner, a small chip flew from the head of the cold chisel and put out his eye. The defendant answered, admitting that the plaintiff was working for the defendant when the accident occurred, that he was using a hammer and a cold chisel, and that the defendant had furnished him the hammer; but it denied that it had furnished him with the chisel, and it denied that it was necessary or proper for the plaintiff to use the said chisel.

The assignments of error bring in question the rulings of the trial court in admitting certain evidence, the substance of which is as follows: John Craig, who had been section foreman for the defendant for 18 years, testified that in his experience with the defendant he had never known of their furnishing section men with chisels such as that which the plaintiff was using, and he said that the chisel referred to "is not a chisel. This is a stonecutter's point, to cut holes in the rock to lift with the derrick." He testified that the section foreman had no authority to buy tools and charge to the company, and had no authority to obtain tools in any way, except from the supply train on requisition. P. H. McFadden, the defendant's division roadmaster, testified: That the tools were furnished by monthly supply cars. "The section foreman makes a requisition monthly, and that order is filled at the store department, and sent out in the supply car once a month, and in most cases it is accompanied by the assistant roadmaster. The tools that are furnished in that way pass inspection at the shops and the storehouses at each point they are furnished from, and also by the assistant roadmaster, and many times by myself, if I go up with the car and on the section. The regular shop inspections are made before they are shipped. The duty of the assistant roadmaster is to inspect the tools, and any defective tools shall be shipped in and new ones returned in their place. The rule is to make a trip of inspection and supply of that sort monthly." That Pat Boland had no authority in the month of August, 1909, to procure tools in any other way, and that, if no suitable tools were on hand, the matter could have been held in abeyance for several days or weeks, "and I might say months, until the proper tool was supplied, if it was necessary to have that tool." That section foremen make requisitions for tools, and in so doing they inspect them, and that a chisel such as was used by the plaintiff is not furnished to section men. Patrick Boland, the foreman, testified that he gave to the plaintiff the chisel which he was using, that he found it in a donkey engine on a scow, and that it was not one of defendant's chisels; that he had the regular standard rail chisel, and always carried them in his hand car.

The court instructed the jury that the master could delegate to another the duty which he owed to an employé to exercise ordinary care in providing reasonably safe tools; that there was in the case for their determination a question of fact whether the foreman, Pat Boland, was acting within the scope of his authority when he procured and furnished to the plaintiff the chisel with which he was working; that the question whether he was acting within the scope of his authority in procuring that chisel, and in furnishing

it to the plaintiff, was a matter for them to determine from the evidence; and said: "If he was acting within the scope of his authority, then his acts are binding upon the defendant; if he was acting outside the scope of his authority, then his acts are not binding upon the defendant." The plaintiff took no exception to any portion of the charge, and made no request for instructions. The case was submitted to the jury, and a verdict was returned for the defendant.

Heber McHugh and John T. Casey, both of Seattle, Wash., for plaintiff in error.

F. V. Brown and F. G. Dorety, both of Seattle, Wash., for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] The testimony set forth in the foregoing statement of facts, which was admitted over the objection of the plaintiff, was offered in response to certain testimony of the plaintiff. The complaint had charged the defendant with negligence. It had not named any officer of the defendant, nor had it set forth that the duty of the master to furnish safe appliances had been delegated to any one. On the trial the plaintiff testified, however, that Pat Boland, the section foreman, furnished the tools to work with; that he hired and discharged the men, and there was nobody else that furnished tools and hired and discharged the men, other than the foreman; that no warning was given the plaintiff as to the condition of the tool; that the foreman came along, and brought him the chisel, and said, "Take that chisel and hammer and cut these two corners out;" that he did so, and, while doing it, he received the injury to his eye. It was to rebut this testimony that the evidence above alluded to was offered by the defendant. It was admitted on the theory that the defendant had the right to show, if it could, that Boland, in furnishing the plaintiff with the chisel, did so without authority of the defendant, and, in fact, did so contrary to the defendant's directions. The testimony so admitted does not tend to rebut the proof that the foreman had the authority to hire and discharge the men, or that he furnished the plaintiff with the cold chisel which he was using, or that he had authority to furnish the men with tools. But it does tend to show that his authority was limited, and was to be exercised only in a specified way, and that he had no authority to furnish tools other than those which were supplied him by the defendant, and which were to be obtained by him in a prescribed manner.

[2] The plaintiff contends that, the defendant having given authority to the foreman to hire and discharge the men and to furnish them tools, it follows that its whole duty to furnish such employés with safe tools was delegated to the foreman, and that it is bound by any act which he did in the discharge of that duty—citing Hermanek v. Chicago & N. W. Ry. Co., 186 Fed. 142, 108 C. C. A. 254; Telander v. Sunlin (C. C.) 44 Fed. 564; Port Blakely Mill Co. v. Garrett, 97 Fed. 537, 38 C. C. A. 342, and other cases—and that therefore the testimony which was objected to should have been excluded. We need not ex-

press an opinion upon the question which is thus presented. It does not appear that this contention was ever brought to the attention of the court below. There was no motion to strike out the testimony on the ground suggested, nor was there any request for an instruction in accordance with the plaintiff's views.

[3] On the contrary, the plaintiff, by his failure to except to the instruction, consented to the submission of the case to the jury in the manner in which the issues were stated in the charge, including the question whether the foreman was acting within the scope of his authority, and instructing them that, if he was acting outside the scope of his authority, his acts were not binding upon the defendant. The plaintiff is in no position now to assign error to the admission of the testimony.

The judgment is affirmed.