## CHALONER v. WASHINGTON POST CO.

(Court of Appeals of District of Columbia. Submitted May 4, 1925. Decided June 1, 1925.)

No. 4182.

1. **Evidence ⬯151(5) — Permitting newspaper's manager to testify as to intent in publishing particular article held not error.**

In action against newspaper for libel in publication of particular article, where court announced it would exclude a prior article, it was not error to permit business manager of defendant to state that he had read such article, and that in publishing it defendant did not intend to charge plaintiff with a felony.

2. **Libel and slander ⬯124(7)—Denial of requested instruction that newspaper has no greater justification for publication of defamatory matter than private person not error.**

In action against newspaper for libel in publication of article, denial of requested instruction that newspaper had no greater justification for publication of defamatory matter than any private person *held* not error.

3. **Appeal and error ⬯215(1)—Alleged errors in court's charge not made subject of objection nor called to court's attention, will be deemed waived.**

Alleged errors in court's charge, not made subject of objection nor called to court's attention, will be deemed waived.

Appeal from the Supreme Court of the District of Columbia.

Action by John A. Chaloner against the Washington Post Company. Judgment for plaintiff in nominal sum, and he appeals. Affirmed.

E. F. Colladay, H. S. Barger, and C. C. Cooper, Jr., all of Washington, D. C., and T. J. Randolph, of Charlottesville, Va., for appellant.

W. J. Lambert, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from a judgment of the Supreme Court of the District of Columbia, rendered on a verdict in the sum of one cent damages, in an action for libel in which appellant, Chaloner, sued the Washington Post, for the publication of an article in which it was stated that plaintiff shot and killed one John Gillard, while the latter was abusing his wife, who had taken refuge in Chaloner's house, "Merrie Mills," near Cobham, Va.

This case has been before this court on two former occasions. Chaloner v. Wash-

ington Post Co., 36 App. D. C. 232; Washington Post Co. v. Chaloner, 47 App. D. C. 66. The facts are fully reviewed in the opinions on the former appeals. The article complained of was published on April 3, 1909. A previous article had appeared in the Post relating to the same matter on March 17, 1909. This article was admitted in evidence on the former trial, and was held inadmissible by this court.

[1] When reference was made to the article of March 17th, during the present trial, the court announced: "I am not going to let that article in." On redirect examination the witness Marks, business manager of the Washington Post, testified "that he had read the article of March 17th; that in publishing that article the Post did not in any way intend to charge Mr. Chaloner with having feloniously killed John Gillard, or having murdered him, or anything of that kind" —to which question and answer counsel for plaintiff objected. The court overruled the objection, and an exception was noted. We think the mere expression of opinion by the witness of the probable intention of the Post in publishing this article does not constitute prejudicial error. No attempt was made to place the contents of the article before the jury, and there was no evidence offered from which the jury could draw any inference as to the nature of the article. The purport of the article was not suggested by the testimony of Marks. His testimony related merely to his impression of the intention of the paper in publishing the article. In view of the statement of the court that the article would not be admitted in evidence, we think there is no possible theory upon which the jury could have been in any way misled by the testimony of Marks in relation to the article of March 17.

[2] Error is assigned in the refusal of the court to grant plaintiff's prayer No. 4, as follows: "The jury are instructed that a newspaper has no greater justification for the publication of defamatory matter than pertains to any private person." There is nothing in the record which calls for the granting of this prayer. The defendant asserted no claim of special justification. The case went to the jury upon the theory of defendant's guilt or innocence, regardless of the manner in which, or by whom, the alleged libel had been published.

The error assigned as to the refusal of plaintiff's prayer No. 5, which sought to charge the jury that "felonious homicide or killing is the killing of a human being, but without legal justification or excuse, and may be murder or manslaughter," was fully covered by the definition of homicide given in the general charge of the court.

[3] A number of assignments are made with reference to alleged errors in the general charge of the court. No objection was interposed at the close of the charge, nor was the court's attention specifically called to any objections by counsel for the plaintiff. These matters, therefore, will be deemed waived and entitled to no further consideration.

A number of assignments of error go to the question of special or punitive damages, but these elements, in the light of the declaration, the court properly eliminated from the consideration of the jury.

The objections as to the admission or rejection of certain other items of evidence we have considered, and find that the case was tried without prejudicial error.

The judgment is affirmed, with costs.