378

## MICHAEL v. SMITH.
### No. 5864.

Court of Appeals of the District of Columbia.
Dec. 4, 1933.

Rehearing Denied Dec. 26, 1933.

L. Robinson Maddox and Marie A. Flynn, both of Washington, D. C., for appellant.

Fred P. Myers, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This is an appeal from a judgment for a garnishee, upon the verdict of a jury. In April, 1930, the appellant obtained a judgment in the Supreme Court of the District of Columbia for $1,000 against one Fred Smith.

On December 16, 1931, a writ of garnishment in the cause was served upon Bertha E. Smith, wife of the judgment debtor who is the appellee here.

Being dissatisfied with the answers of the garnishee to the interrogatories of the writ, the appellant traversed her answers, had a hearing on the traverse, and brings this appeal from the judgment against him on the issues so raised.

On those issues the plaintiff undertook to prove that the garnishee had in her possession, at the time she was served with the writ, certain money, property, or credits belonging to the judgment debtor, and subject to condemnation for his debt.

The proof taken before the jury showed that the wife earned $1,800 a year as a nurse in a hospital, and also retained what she received from roomers and boarders, sometimes amounting to $40 per month and sometimes amounting to nothing.

The husband earned $1,500 per year as an attendant in the same hospital. The evidence further showed that the wife has a savings account of approximately $1,000 in her own name; and is buying an automobile, an electric refrigerator, and a radio machine by installments in her own name.

She testified that her funds in bank were accumulated from her earnings, and that the things above mentioned are being bought and paid for entirely from her own earnings and savings.

Having shown this situation by testimony of the wife, the plaintiff embarked upon an obvious and difficult fishing expedition among bank records, shop accounts, and conditional bills of sale, with the avowed purpose of showing the contrary.

And he complains that his failure to accomplish this purpose was due to twenty-five errors of the trial judge touching the evidence —by rulings, by comments, and by instructions to the jury.

But in our opinion the plaintiff's evidence accomplished nothing beyond creating a suspicion that the defendant, by contributing his own earnings to the support of his family—which he was legally bound to do—enabled his wife from her earnings to buy certain articles of luxury, and to accumulate some small savings in a bank.

To group the assignments of error for discussion here is impracticable, and to treat each one separately in an opinion of appropriate length is impossible.

But we have examined the record with care and find no error among the exclusions or admissions of evidence which would warrant a reversal or a new trial.

The court, properly enough, on the pleadings and evidence as they stood, withdrew much of the case from the jury, leaving to them only certain items aggregating in money $160, and as to those items the court's instructions as given were more apt than those offered by the plaintiff and rejected.

And we have examined with particular care the exceptions taken to the remarks of the judge in the presence of the jury which

are asserted to have been prejudicial to the appellant's case, and while they indicate an impatience of attitude and an asperity of manner not helpful in a courtroom, they do not constitute prejudicial error in this case, and the judgment will therefore be affirmed. It is thought that the following cases support the views and conclusions of this opinion: Slocum v. N. Y. Life Co., 228 U. S. 364, 33 S. Ct. 523, 57 L. Ed. 879, Ann. Cas. 1914D, 1029; Schuylkill & D. Improvement Co. v. Munson, 14 Wall. 442, 20 L. Ed. 867; Pleasants v. Fant, 22 Wall. 116, 22 L. Ed. 780; Faucett v. Bergmann, 57 App. D. C. 292, 22 F.(2d) 718; Brown v. Petersen, 25 App. D. C. 359, 4 Ann. Cas. 980; Walker v. Warner, 31 App. D. C. 76; Scott v. District of Columbia, 27 App. D. C. 417; Stearman v. B. & O. Railroad Co., 6 App. D. C. 52; McCurley v. National Sav. & Tr., 49 App. D. C. 12, 258 F. 154; Crook v. International Trust Co., 32 App. D. C. 512; Kchan v. Washington R. & E. Co., 28 App. D. C. 117; Gordon v. U. S., 53 App. D. C. 154, 289 F. 552; Morimura v. Samaha, 25 App. D. C. 196; Baer v. U. S., 54 App. D. C. 26, 293 F. 843; Moses v. Lockwood, 54 App. D. C. 117, 295 F. 936, 33 A. L. R. 1467; Chaloner v. Washington Post Co., 56 App. D. C. 15, 6 F.(2d) 712.

Affirmed.