## MARTIN v. WASHINGTON TIMES CO.
### Nos. 6368, 6369.

United States Court of Appeals for the District of Columbia.
Argued Oct. 14, 1935.
Decided Jan. 4, 1937.

Rehearing Denied April 2, 1937.

Rossa F. Downing and Joseph J. Malloy, both of Washington, D. C., for appellant.

Wilton J. Lambert and R. H. Yeatman, both of Washington, D. C., for appellee.

Before MARTIN, C. J., and ROBB, VAN ORSDEL, GRONER, and STEPHENS, JJ.

### PER CURIAM.

Appellant, plaintiff below, appeals from a judgment of the Supreme Court of the District of Columbia entered upon a verdict for the defendant, the Washington Times Company, in two suits for libel which were consolidated for trial in the lower court, and argued as one appeal in this court.

The alleged libels consisted of two newspaper articles, one of which was printed in the Washington Times under date of June 10, 1932, and the other appeared in the Washington Herald under date of June 11, 1932. The Times article was as follows:

"Racketeering" Laid to Pair

"Two Seventh Street clothing merchants pleaded not guilty today in Police Court to larceny charges as the outgrowth of a 'war' by the District Attorney's office and the Washington Better Business Bureau on alleged racketeering practices by a number of stores. The men, A. Sloan and James H. Martin, were arrested on warrants issued by Assistant U. S. Attorney Michael F. Keogh, who said other arrests will follow. According to Keogh and the Better Business Bureau, the merchants would accept a deposit on a suit, telling the purchaser to return the next day. When he returned, it is charged, the merchants would tell him that investigation showed his credit was unsatisfactory and would refuse to surrender the suit or return the money. The cases were filed after numerous complaints."

The article appearing in the Herald was substantially the same as that in the Times. Sloan and Martin were arrested on a charge of larceny by trick. Sloan was convicted, and the case against plaintiff Martin was dismissed on motion of the district attorney.

The declaration alleged that the articles by innuendo charged that "plaintiff was engaged in an unlawful, disgraceful, disreputable, and dishonest business and practices"; that the printed articles accused plaintiff of inducing prospective purchasers to pay money as deposits on merchandise, upon false and fraudulent representation that upon investigation he would sell and deliver said merchandise to them, and then refusing to deliver the merchandise or refund the deposit, "thereby meaning that the said plaintiff had been guilty of obtaining money through the tricky, fraudulent, and dishonest means herein set forth."

Defendant answered in a plea admitting publication of the articles sued upon, but

denying all other allegations of the declaration. For a second plea defendant relied upon a publication of the court proceedings without malice, alleging that the "publication complained of is a substantially true record of the proceedings in said court of record and that the comments in said articles complained of are fair, and that it published the said articles under a qualified privilege."

We find it unnecessary to determine in this case whether the articles published were libelous per se, as contended for by plaintiff, or were privileged communications as urged by the defendant. The court, on most elaborate testimony on all issues raised in the case, including the truth of the statements made in the published articles, charged the jury that the published articles are libelous per se and submitted the case to the jury on the issue of whether or not the statements made in the articles were true or false.

■ It is contended by plaintiff that the truth of the articles should be specially pleaded, and that it was error for the court to submit this issue to the jury on the testimony submitted in the absence of a special plea to that effect. At the trial no objection was interposed to the charge of the trial justice submitting this issue to the jury, nor was any prayer offered by plaintiff covering it. This assignment of error is not properly here for consideration, since only errors which are properly assigned and which have been called to the attention of the trial court and a ruling made thereon and exception reserved will be considered on appeal. Cooper v. Sillers, 30 App.D.C. 567, 573; Chaloner v. Washington Post Co., 56 App.D.C. 14, 6 F.(2d) 712; Walsh v. Rosenberg, 65 App.D.C. 157, 159, 81 F.(2d) 559. See, also, Boland v. Great Northern Ry. Co. (C.C.A.) 202 F. 485, 487, 488.

■ Plaintiff is not now in position to complain that the truth of the statements contained in the articles was not specially pleaded by the defendant, since the case was tried and submitted to the jury entirely upon the theory of the plaintiff that the articles were libelous per se, and also that the statements contained therein were false. The jury, evidently believing from the evidence the truth of the statements made in the published articles, found for the defendant, and the plaintiff is in no position to complain, since a finding that the charges were true is a complete defense and a retrial, with a plea of truth, would result in the submission of a question which, without objection, has already been put in issue and decided against the plaintiff.

The judgments are affirmed.