UNITED STATES *v.* ALBERT.

*(Circuit Court, N. D. Florida. February 17, 1891.)*

1. FORGERY—INDICTMENT—EVIDENCE.
    Under Rev. St. U. S. § 5431, providing for the punishment of any one who shall pass, utter, publish, or sell any falsely made, forged, counterfeited, or altered obligation or other security of the United States, and Id. § 5413, defining an obligation or other security of the United States to mean, among other things, checks or drafts for money drawn by or upon authorized officers of the United States, an indictment charging that defendant did willfully, knowingly, and fraudulently utter and publish as true a certain false, forged, and altered United States treasury warrant, with intent thereby to defraud the United States, then and there knowing the same to be false, forged, and altered, adequately states an offense against the United States, and minor defects therein will be cured by verdict.

2. SAME—ALTERING PENSION CHECK.
    An indictment which charges that a genuine pension check drawn by an authorized officer of the United States on an assistant treasurer, directing the payment of money, was altered and forged by the name of the payee being forged and fraudulently placed thereon as his indorsement, and that defendant knowingly and fraudulently uttered and published it as true, with intent thereby to defraud the United States, does not state an offense within Rev. St. U. S. § 5431, because such an instrument is not "an obligation or other security of the United States;" nor within Id. § 5421, because it does not sufficiently describe any falsely made, altered, forged, or counterfeited writing for the purpose of obtaining or receiving, or to enable any other person to obtain or receive, directly or indirectly, from the United States or their officers, any sum of money; nor within Id. § 5418, because it does not sufficiently describe any altered, forged, or counterfeited writing, for the purpose of defrauding the United States.

3. SAME—EVIDENCE—FORGED INDORSEMENT OF TREASURY WARRANT.
    Under an indictment charging defendant with uttering and publishing a certain false, forged, and altered United States treasury warrant, evidence that defendant negotiated a genuine check drawn by an authorized officer of the United States upon an assistant treasurer, directing payment of money, upon which there was the forged indorsement of the name of the payee, is insufficient to sustain a verdict of guilty.

At Law. Indictment for forgery. On motion for new trial.
*J. M. Stripling*, U. S. Dist. Atty.
*H. Bisbee*, for defendant.

PARDEE, J. The defendant was tried and convicted under an indictment of which the following is a copy of the material portion:

"Did then and there willfully, knowingly, and fraudulently utter and publish as true a certain false, forged, and altered United States treasury warrant, with intent thereby to defraud the United States, he, the said J. W. Albert, then and there knowing the same to be false and forged and altered, which said treasury warrant, with the indorsements thereon, except the printed notice and other parts which are mutilated, and to the grand jurors unintelligible, is in the words and figures following:

United States
Agency for
Department of
the Interior.
Paying Pension.

"'No. 956,140.
"'CHICAGO, ILL., Dec. 19th, 1888.
"'*The Assistant Treasurer of the United States, Chicago, Ill.:*
"'Pay to the order of William H. Chaddock forty-five 00/100 dollars—$45.
"'M. A. MULLIGAN,
"'U. S. Pension Agent.'

"Which said warrant, except the printed notice, which is mutilated, and other parts which are unintelligible to the grand jurors, is indorsed as follows: 'William H. Chaddock, Payee. W. R. Moore, Agt. Pay H. R. Symonds & Co. for collection for account of the National Bank of Columbus, Ga. GEO. W. DILLINGHAM, Cashier. GEO. W. DILLINGHAM, Cashr.'—the remainder of the written and printed matter on said warrant being unintelligible to the grand jurors, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States. And the grand jurors aforesaid, upon their oaths aforesaid, do further present that heretofore, to-wit, on the 19th day of December, A. D. 1888, a certain order for the sum of forty-five dollars was made and signed by M. A. Mulligan, U. S. pension agent, whereby the assistant treasurer of the United States at Chicago, Ill., was required and directed to pay to the order of William H. Chaddock the aforesaid sum of forty-five dollars; that the aforesaid order was afterwards falsely and fraudulently altered and forged by the name of the said William H. Chaddock, being falsely and fraudulently forged, placed thereon as his indorsement; that afterwards, to-wit, on the 24th day of December, A. D. 1888, one J. W. Albert, in the county of Gadsden, within the district aforesaid, and within the jurisdiction of this court, did then and there willfully, knowingly, and fraudulently utter and publish as true the aforesaid fraudulent, false, forged, and altered order, then and there well knowing the same to be fraudulent, false, forged, and altered, as aforesaid, with intent thereby to defraud the United States, which said order, with the indorsements thereon, except such parts thereof as are unintelligible to the grand jurors, is in the words and figures following, to-wit:

United States
Agency for
Department of
the Interior.
Paying Pensions.

"'No. 956,140.
"'CHICAGO, ILL., Dec. 19, 1888.
"'*The Assistant Treasurer of the United States, Chicago, Ill.:*
"'Pay to the order of William H. Chaddock forty-five 00/100 dollars—$45.
"'M. A. MULLIGAN,
"'U. S. Pension Agent.'

"Said order, except the printed notice which is mutilated, and other parts which are unintelligible to the grand jurors, is indorsed as follows: 'William H. Chaddock, Payee. W. R. Moore, Agt. Pay H. R. Symonds & Co. for collection for account of the National Bank of Columbus, Ga. GEO. W. DILLINGHAM, Cashier. GEO. W. DILLINGHAM, Cashier;' the remainder of the written and printed matter on said warrant being unintelligible to the grand jurors."

The jury having found a general verdict of "guilty as charged," the defendant has filed a consolidated motion in arrest of judgment and for a new trial on many grounds, but substantially as follows: (1) That the indictment describes no offense against the United States, nor any offense punishable under any of the laws of the United States. (2) That the indictment, and each count thereof, in its charges is vague, indefinite, and repugnant, to such an extent that no sentence can be imposed on the verdict rendered under any statute of the United States. (3) Because of alleged errors on the trial of the case in regard to the admission of evidence.

The first count substantially charges that the defendant—

"Did willfully, knowingly, and fraudulently utter and publish as true a certain false, forged, and altered United States treasury warrant, with intent thereby to defraud the United States, he, the said Albert, then and there knowing the same to be false, forged, and altered."

—Which said treasury warrant is described as an order or check drawn by a United States pension agent upon the assistant treasurer of the United States for the payment of a certain sum of money. Section 5413 of the Revised Statutes defines an obligation or other security of the United States, among other things, to mean checks or drafts for money drawn by or upon authorized officers of the United States, and section 5431, Rev. St., provides for the punishment of "any one who shall pass, publish, utter, or sell, or keep in their possession, or concealed with like intent, any falsely made, forged, counterfeited, or altered obligation or other security of the United States." Exactly why the offense charged in the first count of the indictment does not come under section 5431 is not apparent. It seems to be clear that, except for minor defects, which are probably cured by verdict, the first count of the indictment includes an offense against the United States punishable by the law of the United States.

The second count of the indictment charges that a genuine order or pension check, issued by an authorized officer of the United States, whereby the assistant treasurer of the United States at Chicago, Ill., was required and directed to pay to the order of William H. Chaddock the sum of $45; was afterwards "falsely and fraudulently altered and forged by the name of the said William H. Chaddock being falsely and fraudulently forged, placed thereon as his indorsement." That the defendant willfully, knowingly, and fraudulently did utter and publish as true the aforesaid fraudulent, false, forged, and altered order, then and there well knowing the same to be falsely and fraudulently altered, as aforesaid, with the intent thereby to defraud the United States. The offense attempted to be described by this count is the utterance of a forged and counterfeited indorsement of the payee's name upon a genuine pension check or order drawn by an authorized officer of the United States.

It is contended in this case that there is no law of the United States which makes an offense of forging and counterfeiting the name of a payee of a pension check, or for fraudulently uttering such forged indorsement upon a pension check. In the circuit court of the United States, so far

as the cases have been brought to our attention, there seems to be a diversity of views with regard to this question.    In the district court of Minnesota, in 1874, where it was sought to maintain an indictment for such an offense under the first section of the act of congress approved March 3, 1823, (3 St. at Large, p. 771,) now section 5421 of the Revised Statutes, it was contended that the indorsement charged as forged was within the term "or other writing," mentioned in said statute; but the court held: "The words 'or other writing,' are found in connection with a class of instruments, as a deed, power of attorney, order, receipt," etc., and refer to other instruments not specifically enumerated in the section.    In other words, the statute was considered as restricted to other writings of the same nature as those specifically mentioned, and the indictment was quashed.    In the western district of Tennessee, in the case of *U. S.* v. *Jolly*, 37 Fed. Rep. 108, the forgery of an indorsement upon a treasury warrant was held to be a forgery of the warrant itself, and punishable under section 5414 of the Revised Statutes, which declares the punishment for forging or counterfeiting United States obligations or securities.    The judge said:

"The next objection is that the indictment is only for the forgery of an indorsement upon the post-office warrant, which is not within the Revised Statutes, (section 5414,) but is at most only a common-law or state offense, of which this court has no jurisdiction.  This is a very narrow view of the statute, and trims it to dimensions that would very materially impair its usefulness, and leave the obligations and securities of the United States at the mercy of forgers and counterfeiters.  I do not comprehend why the name of the payee is not as much a part of the instrument as that of him who, in behalf of the United States, signs the warrant or check.  *  *  *  The very fact that the warrant is made payable 'to order,' rather than 'to bearer,' when it would pass by delivery, like a bank-note, shows that the practice of so writing them is intended to bring the indorsement within the protection of the law against forgery.  It constitutes about all the value there is in so writing them, and the writing of the name of the payee falsely and fraudulently on the back is just as much a forgery of the instrument as any other false writing concerning it would be.  It is in every legal sense a part of the instrument itself."

Section 4765 of the Revised Statutes provides as follows:

"Sec. 4765.  Upon the receipt of such voucher, properly executed, and the identity of the pensioner being established and proved in the manner prescribed by the secretary of the interior, the agent for the payment of pensions shall immediately draw his check on the proper assistant treasurer or designated depositary of the United States for the amount due such pensioner, payable to his order, and transmit the same by mail, directed to the address of the pensioner entitled thereto; but any pensioner may be required, if thought proper by the commissioner of pensions, to appear personally, and receive his pension."

—From which it is seen that the law authorizes a pension agent to draw his check on the proper "assistant treasurer or designated depositary of the United States" for the amount due a pensioner, and payable to his order.    Where such a check is drawn, when is said check complete? When does it become an instrument upon which the assistant treasurer can pay?    Before indorsement by the payee the check authorizes the

payment of no money, and no money could be rightfully paid on it. The inference is strong that the check, issued and made payable to the order of the pensioner, is not a completed instrument until the pensioner has indorsed it. If the pensioner's indorsement is a part of the instrument, and it be forged, why does not the whole instrument become a forged and counterfeited instrument? On the other hand, it is to be noticed that March 1, 1889, *ex post facto* for this case, congress enacted that a check or checks drawn by a pension agent in payment of pension due and mailed by him to the address of the pensioner shall constitute payment within the meaning of Rev. St. § 4765, in the event of the death of a pensioner subsequent to the mailing, and before the receipt, of said check. And in *Rex* v. *Arscott*, 6 Car. & P. 408, it was decided that the forgery of payee's indorsement on bill of exchange did not constitute a forged bill of exchange. Authorities on this line can probably be multiplied. Section 5421, originally found in statute of 1823, provides—*First*, for the forging and counterfeiting of any "deed, power of attorney, order, certificate, receipt, or other writing for the purpose of obtaining or receiving, or of enabling any person, either directly or indirectly, to obtain or receive, from the United States, or any of their officers or agents, any sum of money;" *second*, for uttering or publishing as true "any such false, forged, altered, or counterfeited deed, power of attorney, order, certificate, receipt, or other writing, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited."

The indorsement of the name of the payee upon a pension check is a writing in the nature of an order, as well as in the nature of a receipt. It is an order to the assistant treasurer to pay the contents of the check to the indorsee, and without which no payment can properly be made upon the check. It is a writing which, with the check, constitutes, in the hands of an assistant treasurer who has paid the contents of the check, a receipt or voucher good against the United States, as well as against the payee. It would seem, therefore, clear that if section 5421 is restricted to "other writings" of like kind and nature, then the forgery of the payee's indorsement upon a genuine pension check would be a writing or instrument clearly embraced within the words "other writing," mentioned in the statute, and be fully within the scope and purview of the statute. Section 5418 of the Revised Statutes, first enacted in 1866, (14 St. p. 12,) provides:

"Every person who falsely makes, alters, forges, or counterfeits any bid, proposal, guaranty, official bond, public record, affidavit, or other writing, for the purpose of defrauding the United States, or utters or publishes as true any such false, forged, altered, or counterfeited bid, proposal, guaranty, official bond, public record, affidavit, or other writing, for such purpose, knowing the same to be false, forged, altered, or counterfeited," etc., "shall be punished," etc.

In the case of *U. S.* v. *Barney*, 5 Blatchf. 294, it was held that the crime of forgery, denounced in the first and second sections of the statute of 1823, section 1 (now section 5421 of the Revised Statutes) was confined

to instruments designed for the purpose of obtaining money from the United States. And in *U. S.* v. *Lawrence*, 13 Blatchf. 211, it was said that the above section (5418) was enacted in consequence of the decision in *U. S.* v. *Barney*, from which it may be inferred that the section was intended to punish the crime of forgery of instruments designed for the purpose of defrauding the United States otherwise than by obtaining money directly from the United States, or any of its agents or officers.

We conclude that section 5431 was intended to and does cover the offense of "uttering forged obligations or securities of the United States;" that section 5421 was intended to cover, and does cover, the offense of "uttering any forged writing, made for the purpose of obtaining or receiving, or enabling any other person, either directly or indirectly, to receive, from the United States, or of any of their officers or agents, any sum of money;" that section 5418 was intended to cover, and does cover, the offense of "uttering or publishing as true any false, forged, or counterfeited writing, intended for the purpose of defrauding the United States otherwise than by directly or indirectly obtaining money from the United States, or any of their officers."

It seems to us that section 5421 is the section under which the defendant in this case should have been prosecuted for the matters contained in the second count of the indictment. However that may be, we conclude that the said second count charges the issuance of a genuine order for the sum of $45, made and signed by M. A. Mulligan, United States pension agent, whereby the assistant treasurer of the United States at Chicago, Ill., was required and directed to pay to the order of William H. Chaddock the aforesaid sum of $45; that the aforesaid order was afterwards falsely and fraudulently altered and forged by the name of the said William H. Chaddock being falsely and fraudulently placed thereon as his indorsement; and that afterwards, to-wit, the said Albert did utter and publish the same; and that this count cannot be sustained under section 5431, because it does not sufficiently describe any falsely made, counterfeited, or altered obligation or other security of the United States; nor under section 5421, because it does not sufficiently describe any falsely made, altered, forged, or counterfeited writing for the purpose of obtaining or receiving, or of enabling any other person, either directly or indirectly, to obtain or receive, from the United States, or any of their officers or agents, any sum of money; nor under section 5418, because it does not sufficiently describe any altered, forged, or counterfeited writing, for the purpose of defrauding the United States. The said count is undoubtedly deficient in other respects, and is open to criticism for vagueness, uncertainty, and repugnancy.

On the trial of the case, the first count of the indictment was without evidence to sustain it, except by the proof of a genuine check by an authorized agent of the United States upon an assistant treasurer for the payment of pension money, upon which was a forged writing placed, to-wit, the name of the payee. In our opinion this evidence is not sufficient to sustain a verdict upon this count. On the whole case, we conclude the first count of the indictment to be good after verdict, the sec-

ond to be bad, and that the conviction on the first count is contrary to the evidence.

The motion in arrest of judgment will be denied, and the motion for a new trial granted.

SWAYNE, J., concurs.