DE LEMOS v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. January 3, 1899.)

No. 767.

1. FORGERY—OFFENSE UNDER FEDERAL STATUTE — INDORSEMENT OF GOVERNMENT DRAFT.

The forging of an indorsement on a genuine government draft, and the uttering of the draft so indorsed, are each offenses punishable under the statutes of the United States.

2. SAME—SUFFICIENCY OF INDICTMENT.

In an indictment for forgery, under Rev. St. U. S. § 5414, for the forgery of an indorsement on a draft of the United States, it should be distinctly charged that the genuine draft, with the forged indorsement, constituted together a forged obligation of the United States; and an indictment which avers that the draft itself constituted the obligation which was forged, when further averments show that the forgery consisted in the false making of the indorsement, is repugnant, and does not properly lay the offense; nor is it good, under section 5421, because it does not lay the charge on the indorsement itself, under the requirements of Rev. St. U. S. § 5421.

In Error to the Circuit Court of the United States for the Middle District of Alabama.

The indictment in this case reads as follows:

"United States of America.

"In the Circuit Court of the United States for the Middle District of Alabama. November Term, A. D. 1896.

"The grand jurors of the United States, elected, impaneled, sworn, and charged to inquire for the body of said Middle district of Alabama, upon their oaths do find and present:

91 F.—32

"That on the 28th day of May, A. D. 1895, in said Middle district of Alabama, before the finding of this indictment, and within the jurisdiction of said court, in the county of Lowndes, in said state, Ben De Lemos did unlawfully, feloniously, and falsely make and forge a certain obligation of the United States, to wit, a draft for money, to wit, for the sum of six hundred sixty-eight $^{40}/_{100}$ dollars, drawn by an authorized officer of the United States, to wit, by D. A. Carpenter, United States pension agent, upon the assistant treasurer of the United States at New York, N. Y., and which said falsely made and forged obligation of the United States is in the words following, to wit:

" 'United States Pension Agency,          No. 889049.

" 'Knoxville, Tenn., May 22, 1895.          189 .

" 'Assistant Treasurer of the United States, New York, N. Y.: Pay to the order of Thomas Cook six hundred sixty-eight $^{40}/_{100}$ dollars, $668.40.
" 'D. A. Carpenter, Interior.
" 'U. S. Pension Agent.
" 'By J. M. Cates, Clerk.

" 'This check should be presented for payment within 90 days.'

"And on the back of said falsely-made obligation of the United States were indorsed the words and figures following, to wit:

" 'Pay to Ben De Lemos,

his
" 'Thomas     X     Cook, Payee.
mark.
" 'Paid June 1, 1895, New York.

" 'Witnesses:
" 'Wm. J. Anthony, Hayneville, Ala.
" 'J. S. Julian, Hayneville, Ala.
" 'Ben De Lemos.

" 'Pay Lehman Bros., or order, for collection, for account of Lehman-Durr Company, Jos. Goetter, V. Prest., Montgomery, Ala.          Lehman Bros.'

"And the said obligation of the United States was then and there falsely made and forged, in this, to wit, that he, the said Ben De Lemos, did then and there falsely make and forge the name of the payee of the said draft, to wit, the words, 'Thomas Cook, his mark,' with the intent then and there and thereby to defraud, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States.

"And the grand jurors aforesaid, upon their oaths aforesaid, do further find and present that at the time and place aforesaid, and within the jurisdiction aforesaid, Ben De Lemos did falsely make and forge a certain obligation of the United States, to wit, a certain draft of money, which said draft is set forth hereinabove, in first count of this indictment, and which said obligation he, the said Ben De Lemos, did falsely make and forge, in this, to wit, that the said Ben De Lemos did then and there falsely make and forge an indorsement upon the said draft in the following words, to wit, 'Pay to Ben De Lemos, Thomas Cook, his mark,' with the intent then and there and thereby to defraud, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States.

"And the grand jurors aforesaid, upon their oaths aforesaid, do further find and present that at the time and place aforesaid, and within the jurisdiction aforesaid, in the county of Lowndes, in the state of Alabama, Ben De Lemos did unlawfully, knowingly, and feloniously pass, utter, and publish as true and genuine a certain falsely-made and forged obligation of the United States, to wit, a certain draft drawn by D. A. Carpenter, an officer of the United States, authorized to draw the said draft, to wit, a United States pension agent, at Knoxville, in the state of Tennessee, which said draft was dated May 22, 1895, payable to the order of Thomas Cook, for the sum of six hundred sixty-eight $^{40}/_{100}$ dollars, and which said draft was according in the tenor following:

"'United States Pension Agency.              No. 889049.

"'Knoxville, Tenn., May 22, 1895.         189 .

"'Assistant Treasurer of the United States, New York, N. Y.: Pay to the order of Thomas Cook six hundred sixty-eight $40/100$ dollars, $668.40.

"'D. A. Carpenter, Interior.

"'U. S. Pension Agent.

"'By J. M. Cates, Clerk.

"'This check should be presented for payment within 90 days.'

"And he, the said Ben De Lemos, although he well knew the said draft and obligation was falsely made and forged, in this, that the name of the payee thereof, to wit, the words 'Thomas Cook, his mark,' were forged in the indorsement thereon and thereto, yet he, the said Ben De Lemos, did utter, pass, and publish the said obligation and draft, having the said indorsement thereon to be falsely made and forged, with the intent then and there and thereby to defraud, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States.

"A true bill.                    Frank Duncan, Foreman of Grand Jury.

"Filed in open court the 4th day of Dec., 1896.     J. W. Dimmick, Clerk."

On the above indictment the plaintiff in error was tried, convicted, and sentenced to five years' imprisonment in the penitentiary, and to pay a fine of $500.    The assignments of error relate to the refusal of the court to sustain a demurrer to the indictment, to the admission of certain evidence against the plaintiff in error, to the rejecting of certain evidence offered by him, and to the giving or refusing of charges.

John G. Winter, J. D. Rouse, Wm. Grant, and C. A. Whitten, for plaintiff in error.

J. Ward Gurley and W. S. Reese, Jr., for the United States.

Before PARDEE and McCORMICK, Circuit Judges, and PARLANGE, District Judge.

PARLANGE, District Judge, after stating the facts as above, delivered the opinion of the court.

We deem it sufficient for the decision of this cause to consider only the first two specifications of error, which read as follows:

"First. The circuit court erred in overruling the demurrer of the defendant. Second. The court erred in holding that the indictment described any offense against the United States, punishable under the laws thereof."

The acts which the prosecutor intended to aver in this cause are that the plaintiff in error, having obtained possession of a genuine government draft, forged an indorsement thereon, and that he subsequently uttered the draft with the forged indorsement upon it.    The counsel for the plaintiff in error contended in their oral argument that there is no law of the United States punishing such acts.    We are clear that the contention is without force.    A charge could be laid for the forgery under section 5414, Rev. St. U. S., which denounces the offense of forging the obligations or securities of the United States; and a charge could also be laid under section 5421, Id., which denounces the offense of forging writings for the purpose of obtaining money from the United States.    For uttering a genuine government draft with a forged indorsement, a charge could be laid under section 5431, Id.    The prosecutor intended to lay the charges contained in counts 1 and 2 under section 5414, Rev. St. U. S., and those two counts are said to be for one

and the same offense. The charge contained in count 3 was intended to be laid under section 5431, Id. To have properly laid the charge for the forgery under section 5414, the pleader should have distinctly charged that the genuine draft, with the forged indorsement upon it, constitute together a forged obligation of the United States. But we find in count 1, and in counts 2 and 3 as well, a clear averment that the draft itself, without the indorsement, is forged. This, of course, is untrue, and is plainly repugnant to the further averment in the count that the forgery consists in the false making of the indorsement. Count 2, besides reiterating the repugnant averment that the draft itself is forged, is additionally defective because it does not set out the draft, but merely refers to its setting out in count 1, which count is itself fatally defective, as we have just shown. See 1 Bish. Cr. Proc. (3d Ed.) § 431. Count 3 is similarly defective, because of the repugnant averment that the draft itself is forged. Furthermore the scienter is defectively averred in count 3. There may also be other material defects in the three counts. It is plain that counts 1 and 2 cannot be held good, under section 5421, which would have required the laying of the charge on the indorsement, and not on the draft, and should have otherwise conformed to the requirements of that statute.

We are of opinion that the demurrer should have been sustained, and the indictment quashed. This view makes it unnecessary for us to consider the other questions raised by the assignment of errors. It is ordered that the judgment of the lower court be reversed, and that this cause be remanded to that court, with the direction to award a new trial, sustain the demurrer, and quash the indictment.