### IRVIN v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. March 3, 1924. Rehearing Denied April 11, 1924.)

#### No. 4197.

Criminal law ☞1032(5)—Defect in indictment held not to affect substantial rights, and objection first made on appeal ineffectual.

In an indictment under Cr. Code, § 148 (Comp. St. § 10318), for forgery of an obligation of the United States, an averment that the obligation was "substantially" in the words and figures set out, and that the indorsement thereon, alleged to have been forged, was "in part" in the words and figures given, both the instrument and indorsement being apparently set out in full, held not a substantial defect, which requires or authorizes reversal of the judgment, in view of Rev. St. § 1025 (Comp. St. § 1691), and Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246), when the question is raised for the first time in the appellate court.

In Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Criminal prosecution by the United States against Joe R. Irvin. Judgment of conviction, and defendant brings error. Affirmed.

Certiorari denied 44 Sup. Ct. 638, 68 L. Ed. ——.

J. J. Fagan and Homer Lee, both of Dallas, Tex., for plaintiff in error.

Henry Zweifel, U. S. Atty., of Fort Worth, Tex. (Mack Taylor, Sp. Asst. U. S. Atty., and Shelby S. Faulkner, Asst. U. S. Atty., both of Fort Worth, Tex., on the brief), for the United States.

Before WALKER and BRYAN, Circuit Judges, and SIBLEY, District Judge.

SIBLEY, District Judge.   Joe R. Irvin, was convicted and sentenced to two years' imprisonment upon an indictment of three counts, each of which charged the forgery of an obligation of the United States. No point was made in the trial court as to the sufficiency of the indictment, but that mainly relied on here is that it is insufficient to support a verdict and sentence.   The indictment charges in each count the forging with intent to defraud of an instrument consisting of a registered Liberty Bond, together with its indorsement, specifying the forgery to consist in the false indorsement of the payee's name.   It charges in substance a crime under section 148 of the Criminal Code (Comp. St. § 10318).   De Lemos v. United States, 91 Fed. 497, 33 C. C. A. 655. But in each count, in setting forth the bond the allegation is, "which said falsely made and forged obligation of the United States is *substantially* in words and figures the following," there being added apparently the full words of a complete bond of the United States, and in setting forth the indorsement the allegation is, "and on the back of which falsely made and forged obligation of the United States as aforesaid were indorsed *in part* the words and figures following, to wit," there being added apparently a full form of indorsement, duly executed and acknowledged, as required in the transfer of registered bonds.   The contention made is that this is not a setting forth of the forged instrument according to its tenor, but purports to be only a substantial and partial, rather than an exact and complete, exhibition of it.

In People v. Tilden, 242 Ill. 536, 90 N. E. 218, 31 L. R. A. (N. S.) 215, 134 Am. St. Rep. 341, 17 Ann. Cas. 496, upon a full examination of the authorities, it is demonstrated that at common law in England and the United States, in indictments for forgery and other crimes in which a writing is the very gist of the offense, the instrument involved must be set forth in hæc verba, or a potent reason alleged for not doing so.   Judgment was there arrested upon an indictment very similar to the one here involved.   This rule was recognized and applied by a federal court in arresting a judgment in United States v. Fisler, Fed. Cas. No. 15,105.   And see United States v. Williams, Fed. Cas. No. 16,706.   This was prior to the enactment of R. S. § 1025 (Comp. St. § 1691), which declares that defects of form in indictments, that do not tend to the prejudice of the defendant, shall not render the indictment insufficient, nor affect the trial, judgment, or other proceedings thereon.   Since that enactment the rule has been applied in sustaining demurrers made before trial.   United States v. Rossi (D. C.) 268 Fed. 620.

Whether the use of the words "substantially" and "in part," in connection with words which show a complete instrument, the forgery of which is a crime, amounts to but a defect of form, which need not be regarded before verdict under R. S. § 1025, we need not decide here. It appears that neither the court nor the defendant found any practical embarrassment in the trial by reason of uncertainty in the indictment. No variance appears or is complained of between the instruments introduced in evidence and the words set forth in the indictment.   Appellant's guilt as a procurer and abettor of the forgery is abundantly established.   Criminal Code, § 332 (Comp. St. § 10506).   Upon the whole

record we do not find any substantial right of his to have been prejudiced. In People v. Tilden, supra, page 542 (90 N. E. 219, 221), the court, after noting that statutes altering the requirement of exact instead of substantial setting forth of the instrument have been passed in England and many of the United States, said:

"The rule under consideration is technical, but we cannot disregard it for that reason."

This court, on the contrary, is bound by Judicial Code, § 269, as amended February 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246), to disregard "technical * * * defects * * * which do not affect the substantial rights of the parties."

The judgment is affirmed.