## HAMIL v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 30, 1924.)

No. 4301.

1. **Forgery ⬦⟹7(1)—Check drawn on Treasurer of United States by finance officer as "obligation or other security of the United States," and indorsement is subject to forgery.**

Check drawn on Treasurer of United States by finance officer is an "obligation or other security of the United States," within Criminal Code, § 147 (Comp. St. § 10317), and section 148 (Comp. St. § 10318) punishes forgery of an indorsement of such an obligation or security.

[Ed. Note.—For other definitions, see Words and Phrases, Obligation or Other Security.]

2. **Criminal law ⬦⟹586, 1151—Continuance within discretion of trial court, and ruling not disturbed, unless abused.**

The continuance of any case is within discretion of trial court, and, unless it clearly appears that it has been abused, is not subject of review.

3. **Criminal law ⬦⟹594(1)—Refusal of continuance held not clearly abuse of discretion.**

Placing defendant on trial one day after indictment *held* not clearly an abuse of discretion, in view of appearance of several absent witnesses, and nature of testimony to be obtained from one not appearing at trial.

4. **Witnesses ⬦⟹287(3)—Government witness properly permitted on redirect to testify that he was merely performing his duty.**

Where, on cross-examination of secret service agent, counsel sought to make it appear that witness was unfair to defendant in his testimony, it was not error to permit witness on redirect to testify that in making his investigation he was merely performing his duty.

5. **Witnesses ⬦⟹290—Proper to refuse to allow second repetition of testimony.**

Court properly sustained objection to question of government witness calling for a second repetition of testimony already given on both direct and cross-examination.

6. **Criminal law ⬦⟹676—Limiting number of character witnesses not error.**

It was not error for trial court in its discretion to limit number of character witnesses, especially after it was announced by prosecution that it would offer no evidence tending to contradict testimony that defendant's reputation was good.

7. **Criminal law ⬦⟹829(1)—Refusal of request not error, where court gave of its own motion more favorable charge.**

It was not error to deny request for instruction, where charge court gave of its own motion was more favorable to defendant.

8. **Criminal law ⬦⟹878(4)—Verdict for forgery held not inconsistent.**

A verdict of guilt under Criminal Code, § 148 (Comp. St. § 10318), was not inconsistent or repugnant, because defendant was acquitted under a count drawn under section 29, though both relate to forgery.

9. **Forgery ⬦⟹5—Statutes for forgery distinguished.**

Criminal Code, § 29 (Comp. St. § 10193), relates to forgery of deeds, powers of attorney, etc., but does not relate to forgery of obligations or securities of United States, which come under section 148 (Comp. St. § 10318), under which an intent to defraud need not be aimed against United States.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Burley H. Hamil, alias B. H. Hamil, was convicted of forging an indorsement on a check drawn upon the Treasurer of the United States, and brings error. Affirmed.

Oliver D. Street, of Guntersville, Ala., for plaintiff in error.

C. B. Kennamer, U. S. Atty., of Guntersville, Ala., and Jim C. Smith, Asst. U. S. Atty., of Birmingham, Ala.

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

BRYAN, Circuit Judge. The defendant, Burley H. Hamil, captain of an infantry company in the Alabama National Guard, was convicted on a count of an indictment which charges that he forged the indorsement of one Odis Gauntt, the payee of a genuine check for $36.40 drawn upon the Treasurer of the United States by a finance officer, in violation of section 148 of the Criminal Code (Comp. St. § 10318). The trial court overruled a demurrer which asserts the proposition that forgery of the indorsement does not constitute forgery of an "obligation or other security of the United States."

The case was set for trial on the day after the indictment was found, and the defendant moved for a continuance on the grounds that he had not had an opportunity to prepare for trial, and that the adjutant general, a major, and the lieutenant who had kept the company records were necessary witnesses in his behalf and were absent, and that the lieutenant would testify that he made out the pay rolls from records which he kept, and that both the pay rolls and the records were correct. In opposition to the motion for continuance it was shown that the defendant had been arrested some three weeks earlier, and that ten days before the district attorney had furnished the defendant with a copy of the charges against him, together with notice that the case would be called for trial the day following the finding by the grand jury of an indictment. The attendance at the trial of the adjutant general and the major was secured. The court denied defendant's motion for continuance on account of the absence of the lieutenant, because it was not shown that he would certainly be present at the next term of court. The motion for continuance was informally made and was not supported by affidavit.

One Ryan, a United States secret service agent, testified to a conversation he had with the defendant, and on cross-examination was asked if he had not paid closer attention to the things which were unfavorable than to those which were favorable to the defendant. On redirect examination, and over defendant's objection, this witness was permitted to testify that in making his investigation he was merely performing his duty.

The defendant, testifying in his own behalf, admitted that he received Odis Gauntt's check, indorsed it, and collected the amount of money called for by it. He claimed that Odis Gauntt owed the government for some trousers and shoes which were charged to him, the defendant; that he made a statement to this effect to Gauntt's father, and that the latter told him to cash the check and deduct the amount of his son's indebtedness; and that he did this and paid the balance over to Gauntt's

father. The father denied this testimony of the defendant on both his direct and cross examination, and after he had done so the court sustained an objection to a question which called for a repetition of the same testimony.

After two witnesses had testified that the defendant's general reputation for honesty and integrity was good, the court inquired whether it was the intention of the government to offer evidence to the contrary, and, on being informed that it was not, then stated that he would limit character witnesses to four in number. The defendant excepted, but only offered the testimony of one additional witness on this subject.

The court denied defendant's request to charge the jury that he could not be convicted for forgery if he had verbal authority or authority reasonably implied to indorse the name of the payee on the check, but of its own motion charged that the defendant could not be convicted if he mistakenly but honestly believed that he was authorized to make the indorsement, and that the burden was upon the government to prove beyond all reasonable doubt, not only that the defendant wrote the payee's name on the back of the check, but also that in doing so he entertained a criminal intent to defraud.

There are a number of other counts in the indictment, but as to them the defendant was acquitted. One of them describes the check as an order in writing, instead of as "an obligation or other security of the United States." The defendant contends that the verdict was thus rendered inconsistent and repugnant, and filed a motion for arrest of judgment, which was denied. The various rulings above set out are assigned as error.

[1] Section 147 of the Criminal Code (Comp. St. § 10317) includes a check such as is described in the indictment within the definition of an "obligation or other security of the United States." We are of opinion that section 148 punishes the forgery of an indorsement of such an obligation or security. The obligation to pay a genuine check does not become complete until it is properly indorsed. The forgery of the indorser's name is as effective a method of defrauding as is the forgery of the name of the drawer of the check. The demurrer to the indictment therefore was properly overruled. United States v. Jolly (D. C.) 37 Fed. 108; United States v. Albert (C. C.) 45 Fed. 552; De Lemos v. United States, 91 Fed. 497, 33 C. C. A. 655.

[2, 3] The continuance of any case is within the discretion of the trial court, and that discretion, unless it clearly appears that it has been abused, is not the subject of review in an appellate court. It is true in this case that the defendant was placed upon trial practically immediately after the indictment was found against him. The notice given by the district attorney and the copy of the indictment which was afterwards found did not require the defendant to be ready for as early a trial as was had. The defendant had the right to wait until the grand jury acted before making an effort to procure the attendance of his witnesses. He did not apply for postponement until a later day during the term of court, but contented himself with a motion for continuance. Two of the three witnesses upon which he based this motion were present at the trial. It is not made to appear by a prop-

erly verified motion what the absent lieutenant would have testified. The informal statement is to the effect that this witness correctly kept the company records and made out the pay rolls. From the record before us it appears to be admitted that the check to Odis Gauntt was properly issued, and for the correct amount. The only issue appears to be whether the defendant had the authority claimed by him from Gauntt's father to indorse and cash the check. Under these circumstances, we are unable to say that the trial court abused its discretion in denying defendant's motion for continuance.

[4] On cross-examination of the secret service agent, Ryan, counsel sought to make it appear that the witness was unfair to the defendant in his testimony. Because of this, it was not error to permit the witness to testify on the redirect that in making his investigation he was merely performing his duty. In this way, and because of the cross-examination, the government had the right to show, if it could, that the witness was not prejudiced or unfair.

[5] Odis Gauntt's father had already denied both on his direct and cross examination that the defendant had stated to him that Odis Gauntt was indebted to the government for supplies, and it was entirely proper for the court to refuse to allow a second repetition of this testimony.

[6] It was not error for the trial court in its discretion to limit the number of character witnesses, especially after it was announced by the prosecution that it would offer no evidence tending to contradict the testimony that his reputation was good. Chapa v. United States (C. C. A.) 261 Fed. 775.

[7] The charge of the court, given of its own motion, was more, favorable to the defendant than the one requested by him, in that it contains the idea that, even though the defendant had no authority to indorse the check, yet if he honestly believed that he did have he should be acquitted. It follows that it was not error to deny defendant's request.

[8, 9] The verdict was not rendered inconsistent or repugnant by reason of the fact that the defendant was acquitted on the count which describes the check as an order in writing. That count was drawn under section 29 of the Criminal Code (Comp. St. § 10193), which relates, among other things, to forgeries of deeds, powers of attorney, orders, or other writings designed for the purpose of obtaining money from the United States. Although it has been held to the contrary, we are of opinion that that section does not relate to the forgery of obligations or securities of the United States. The punishment under the two sections is different. In section 29 the acts denounced must be committed for the purpose of receiving money from the United States, whereas under section 148 an intent to defraud need not be aimed against the United States, but may be general and so alleged, without designating any one in particular.

Reversible error is not made to appear by any of the assignments, and the judgment is affirmed.