## UNITED STATES v. WINTERS.

(District Court, W. D. Washington, S. D. March 31, 1925.)

No. 4742.

Forgery ⬤⟹7(3)—Forgery of indorsement of payee in government check held within Criminal Code, § 29; "order."

The forgery of the indorsement of the payee on the back of a check of the Veterans' Bureau *held* to change the nature of the writing in effect to an "order" to pay the amount to the bearer, and to constitute an offense under Criminal Code, § 29 (Comp. St. § 10193).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Order (in Commercial Law).]

Criminal prosecution by the United States against Ray H. Winters. On demurrer to indictment. Overruled.

Thos. P. Revelle, U. S. Atty., of Seattle, Wash., and W. W. Mount, Asst. U. S. Atty., of Tacoma, Wash.

Henry Arnold Peterson, of Tacoma, Wash., for defendant.

CUSHMAN, District Judge. The indictment in this case sets out a copy of a compensation check of the Veterans' Bureau payable to one "Arthur Knight." In the first count the defendant is accused of having forged "an order, contract and writing on the back thereof, to wit, the following words and indorsement, to wit, 'Arthur Knight.'" In a second count the defendant is accused of having published the same as true. The defendant demurred. The court sustained the demurrer, being of the opinion that under the doctrine of ejusdem generis the mere indorsed signature of a payee was not a "writing" within the meaning of section 29, infra. The assistant United States attorney has asked a reconsideration of the ruling, citing the following authorities: United States v. Jolly (D. C.) 37 F. 108; United States v. Albert (C. C.) 45 F. 552; De Lemos v. United States, 91 F. 497, 33 C. C. A. 655; Hamil v. United States (C. C. A.) 298 F. 369; Biskind v. United States (C. C. A.) 281 F. 47, 28 A. L. R. 1377, certiorari denied 260 U. S. 731, 43 S. Ct. 93, 67 L. Ed. 486.

The indictment is under section 29 of the Penal Code (section 10193, Comp. St.). This section provides:

"Whoever shall falsely make, alter, forge, or counterfeit, or cause or procure to be falsely made, altered, forged, or counterfeited, or willingly aid, or assist in the false making, altering, forging, or counterfeiting,

5 F.(2d)—21

any deed, power of attorney, order, certificate, receipt, contract, or other writing, for the purpose of obtaining or receiving, or of enabling any other person, either directly or indirectly, to obtain or receive from the United States, or any of their officers or agents, any sum of money; or whoever shall utter or publish as true, or cause to be uttered or published as true, any such false, forged, altered, or counterfeited deed, power of attorney, order, certificate, receipt, contract, or other writing, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited; or. whoever shall transmit to, or present at, or cause or procure to be transmitted to, or presented at, any office or officer of the government of the United States, any deed, power of attorney, order, certificate, receipt, contract, or other writing, in support of, or in relation to, any account or claim, with intent to defraud the United States, knowing the same to be false, altered, forged, or counterfeited, shall be fined not more than one thousand dollars and imprisoned not more than ten years."

In United States v. Wilson, Fed. Cas. No. 16,732, decided in 1874, before the enactment of section 1025, R. S. (section 1691, Comp. St.), it was held that a forged indorsement upon a genuine check was not covered by the words of the statute "other writing," and the motion to quash was granted. In United States v. Jolly (D. C.) 37 F. 108, it was held that a forged indorsement was covered by section 5414, R. S. (section 10318, Comp. St.). That section provides:

"Whoever, with intent to defraud, shall falsely make, forge, counterfeit, or *alter* any obligation or other security of the United States shall be fined not more than five thousand dollars and imprisoned not more than fifteen years."

In United States v. Albert (C. C.) 45 F. 552, 554, and 555, the court points out the diversity of views expressed by the courts upon this question, including an unreported decision of the District Court of Minnesota, in which a forged indorsement was held not to be within the terms "or other writing" of the statute. The court said in United States v. Albert, supra: "The indorsement of the name of the payee upon a pension check is a writing in the nature of an order, as well as in the nature of a receipt." In the latter case the defendant had, by general verdict of guilty as charged, been convicted upon two counts; one of which the court held defective, and granted a new trial.

In De Lemos v. United States, 91 F. 497,

33 C. C. A. 655, the Circuit Court of Appeals of the Fifth Circuit held the forging of an indorsement on a government draft a violation of section 148 of the Penal Code (Comp. St. § 10318); section 5421, R. S. (section 10193, Comp. St.). The court, however, quashed the indictment as defective in other respects. It will also be noted that the indorsement forged was as follows: "Pay

to Ben De Lemos. Thomas <sup>his</sup> X <sup>mark</sup> Cook, Payee." This was not only the forging of an indorsement and signature, but of an order; and a forged order is expressly included in section 29. In Hamil v. United States, 298 F. 369, the Circuit Court of Appeals of the same Circuit—the indictment being under section 148 of the Penal Code—sustained a conviction, saying: "Section 147 of the Criminal Code (Comp. St. § 10317) includes a check such as is described in the indictment within the definition of an 'obligation or other security of the United States.' We are of opinion that section 148 punishes the forgery of an indorsement of such an obligation or security. The obligation to pay a genuine check does not become complete until it is properly indorsed. The forgery of the indorser's name is as effective a method of defrauding as is the forgery of the name of the drawer of the check. The demurrer to the indictment therefore was properly overruled. United States v. Jolly (D. C.) 37 Fed. 108; United States v. Albert (C. C.) 45 Fed. 552; De Lemos v. United States, 91 Fed. 497, 33 C. C. A. 655." The same court, in Irvin v. United States, 298 F. 297 (certiorari denied, 265 U. S. 596, 44 S. Ct. 638, 68 L. Ed. 1198), sustained a conviction upon an indictment under section 148. In this case the forgery appears to have been an indorsement, yet the decision was of other questions not here material.

Before the amendment of 1888 (25 Stat. 496), it was held that an obscene "letter" was not included in the words "obscene writing" of the statute (United States v. Chase, 135 U. S. 255, 10 S. Ct. 756, 34 L. Ed. 117); the court holding that the word "writing" in law is more frequently used to denote legal instruments, including bonds and notes, than in describing letters.

Section 9109 of the Comp. Stat., specifically provides a punishment for one forging the indorsement of the payee of a pension check. Section 10388 does the like in case the forgery is of any material signature or indorsement of a postal money order. Section 10300 also provides a punishment in case of a forging of the signature of any judge, registrar, or other officer of any court of the United States.

A writing such as a check directs payment to the payee named, by writing the name of the payee upon the back of which the nature of the writing is changed and, if not literally, in effect becomes an order to pay the amount named to the bearer.

Upon reconsideration I am convinced the demurrer should be overruled, and it is so ordered.