## ALVARADO v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. November 23, 1925.)

No. 4622.

**1. Criminal law ⊂⊃1116—Error cannot be predicated on indictment alleging that name of certain person is unknown to grand jury, in absence of showing in record that jury knew such name.**

An indictment charging that defendant uttered a forged government check and sold same to some person whose exact name is to grand jurors unknown, *held* not subject to attack for omitting name, in absence of showing in bill of exceptions or record that grand jury knew name of such person.

9 F.(2d)—25

**2. Forgery ⊂⊃7(2)—Statute denouncing forgery of government obligations includes forgery of indorsement thereon.**

Forgery of an indorsement on a genuine government check drawn on the United States Treasurer constitutes an offense, within Criminal Code, §§ 147, 148 (Comp. St. §§ 10317, 10318).

**3. Criminal law ⊂⊃1129(6)—Errors not reviewed on assignment complaining of denial of motion for new trial.**

Errors at trial will not be reviewed on assignment of error complaining of denial of motion for new trial.

**4. Criminal law ⊂⊃984—Judgment imposing consecutive terms of imprisonment held not defective.**

A sentence which imposes one fine and term of imprisonment on two counts charging forgery, and another fine and term of imprisonment on two counts charging uttering, said judgments of imprisonment to run consecutively, *held* not jurisdictionally defective.

**5. Criminal law ⊂⊃1036(1), 1038(1), 1054(1), 1056(1)—Objections and exceptions essential to review of errors in instructions or reception of evidence.**

In the absence of objections and exceptions, errors assigned to the reception of evidence and the charge of the court are not reviewable.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

Paul Alvarado was convicted of forging and uttering forged government checks, and he brings error. Affirmed.

Plaintiff in error, hereinafter called the defendant, was convicted of forging obligations of the United States and uttering these forged instruments. He brings error.

William J. Gloria and Robert L. Levy, both of San Francisco, Cal., for plaintiff in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

McCAMANT, Circuit Judge. Defendant was convicted on four counts. Counts 1 and 3 charge him with forging checks on the Treasurer of the United States by writing the names of the payees on the backs thereof. Counts 2 and 4 charge him with uttering and selling these forged checks with intent to defraud the United States and others named in the indictment.

[1] The first assignment of error challenges the sufficiency of the indictment. The fourth

count charges that the defendant did "willfully, knowingly, and feloniously pass, utter, publish, and sell to some person, whose exact name is to the grand jurors unknown, a certain genuine obligation and security of the United States," etc. Defendant cites Durland v. U. S., 161 U. S. 306, 314, 16 S. Ct. 508, 40 L. Ed. 709, U. S. v. Riley (C. C.) 74 F. 210, 212, and Naftzger v. U. S., 200 F. 494, 501, 502, 118 C. C. A. 598, to the effect that the name should have been set forth in the indictment, if it was known to the grand jury. There is no bill of exceptions, and nothing in the record to show that the grand jury was advised of the name of the person to whom the check was sold. In the absence of such showing, the count is good.

[2] It is also contended that the forgery of an indorsement on a check of the United States is not a crime under the federal statute. Section 148 of the Criminal Code (R. S. § 5414; Barnes' Code, § 9845; Comp. St. § 10318) is as follows: "Whoever, with intent to defraud, shall falsely make, forge, counterfeit, or alter any obligation or other security of the United States shall be fined," etc. Section 147 of the Criminal Code (R. S. § 5413; Barnes' Code, § 9844; Comp. St. § 10317) expressly declares that "checks, or drafts for money, drawn by or upon authorized officers of the United States" are obligations or other securities of the United States. The Circuit Court of Appeals for the Fifth Circuit has recently held that the forgery of the indorsement on such a check is a crime under the statute above quoted. Hamil v. U. S. (C. C., A.) 298 F. 369, 371. This conclusion is supported by U. S. v. Jolly (D. C.) 37 F. 108, and De Lemos v. U. S., 91 F. 497, 33 C. C. A. 655. We believe it to be the law.

[3] Error is also assigned on the denial of defendant's motion for a new trial. This court has repeatedly held that it will not review the happenings at the trial under an assignment of error based on the denial of a motion for a new trial. McDonough v. U. S., 299 F. 30, 35.

[4] It is contended that the sentence is jurisdictionally defective. The sentence is in the following form: "Ordered that defendant, Paul Alvarado, for offense of which he stands convicted, as to counts 1 and 2 be imprisoned for period of three years and pay a fine in sum of $1,000, and as to counts 3 and 4 to be imprisoned for period of three years and pay a fine in sum of $1,000, said judgments of imprisonment to run consecu-

tively." This sentence is in substantially the form approved by this court in Rice v. U. S., 7 F.(2d) 319.

[5] There are other matters discussed in the briefs, having to do with the evidence and the charge of the court. There is nothing to show that these rulings were excepted to. In the absence of suitable objections and exceptions, we cannot review the action of the trial court. Boland v. Great Northern, 202 F. 485, 487, 488, 120 C. C. A. 624. If the unauthenticated transcript of evidence attached to the record is a true history of the trial, no injustice was done when the defendant was convicted.

The judgment is affirmed.