## MARTIN v. WHITE, Warden.
### No. 349.

Circuit Court of Appeals, Tenth Circuit.
March 9, 1931.

Austin M. Cowan, of Wichita, Kan. (George Martin, on the brief), for appellant.

Donald Little, Asst. U. S. Atty., of Topeka, Kan. (S. M. Brewster, U. S. Atty., and L. E. Wyman, Asst. U. S. Atty., both of Topeka, Kan., on the brief), for appellee.

Before LEWIS, COTTERAL, and McDERMOTT, Circuit Judges.

## PER CURIAM.

This is an appeal from an order of the trial court denying a petition for writ of habeas corpus. The sole question presented is whether or not the second count of the indictment states any federal offense.

The appellant was sentenced upon two counts, but has served the sentence imposed on one. He is now serving a ten-year sentence imposed under the second count, which charges that he had in his possession a certain forged government obligation, to wit, a Liberty Loan bond, and that he forged thereon the indorsement of John B. Marling, the registered owner thereof, with intent to defraud Marling. The indictment charges that the appellant, "with intent to defraud John B. Marling, did falsely forge an obligation of the United States." It is not charged that the forgery was for the purpose of obtaining or receiving any sum of money from the United States or any officer or agent thereof, or with intent to defraud the United States.

This court has decided the precise question involved in White v. Levine, 40 F.(2d) 502. It is the contention of the government, on this appeal, that that decision is erroneous, and that the indictment states an offense under section 148 of the Criminal Code (18 USCA § 262). The government is sustained in its contention by the decisions of other circuits. United States v. Jolly (D. C.

Tenn.) 37 F. 108; De Lemos v. United States (C. C. A. 5) 91 F. 497; Hamil v. United States (C. C. A. 5) 298 F. 369; Alvarado v. United States (C. C. A. 9) 9 F.(2d) 385. While this appeal was pending, the Second Circuit Court of Appeals decided the case of United States v. Prussian, 42 F.(2d) 854. That court followed the foregoing decisions and declined to follow the decisions of the Eighth and Tenth circuits. Certiorari to the Second Circuit was granted in the Prussian Case; we therefore withheld the decision of this case until the disposition of that case by the Supreme Court of the United States. It has now been decided. Prussian v. United States, 51 S. Ct. 223, 224, 75 L. Ed. ——, The Supreme Court held that section 148 of the Criminal Code (18 USCA § 262) does not cover a forged indorsement of a government obligation.

However the Supreme Court decided that the indictment in the Prussian Case stated an offense under section 29 of the Criminal Code (18 USCA § 73). That section makes it an offense to "make, alter, forge, or counterfeit, * * * any deed, power of attorney, order, certificate, receipt, contract, or other writing, for the purpose of obtaining or receiving, or of enabling any other person, either directly or indirectly, to obtain or receive from the United States, or any of their officers or agents, any sum of money." The indictment in the Prussian Case specifically charged that the defendant forged the indorsement "for the purpose of obtaining and receiving from the Treasurer of the United States a sum of money." The conviction in the Prussian Case was therefore sustained.

There is then left for consideration the question of whether the indictment in the case at bar charges an offense under section 29. It does not charge any purpose to obtain money from the United States, or any intent to defraud the United States. An essential ingredient of the crime under section 29 is the purpose of obtaining money from the United States, or some agent or officer thereof. This is not only because the statute makes it so, but because without such ingredient Congress would overstep its constitutional power. Congress has the power to prohibit the alteration or forgery of obligations of the United States with intent to defraud any one; it likewise has the power to prohibit the alteration or forgery of any instrument for the purpose of obtaining money from the United States; but it is not and cannot be argued that Congress has the power to prohibit the forgery or alteration of any instrument in writing for the purpose of defraud-

ing any one. The general power to prohibit any forgery is reserved to the states.

The indictment in this case charges the forgery of a writing other than an obligation of the United States. But it does not charge the essential ingredient of such general offense, to wit, a purpose to obtain or receive moneys from the United States or its agents. On the contrary, it affirmatively charges an intent to defraud John B. Marling, an individual. The indictment cannot, therefore, be sustained under the decision in the Prussian Case.

Measured by White v. Levine, supra, the indictment in the instant case states no offense. White v. Levine was affirmed by the Supreme Court in the Prussian Case in two particulars, first, that forgery of an indorsement of a government obligation is not an offense against section 148; and, second, that such an indorsement is a "writing" under section 29. Nothing in the Prussian Case disapproves the holding of this court that a purpose to obtain money from the United States is an essential ingredient under section 29. It seems clear, on principle, that such purpose is and must be charged. Otherwise an indictment charging a forged indorsement on a personal check, with intent to defraud an individual, must be held to state a federal offense.

The order of the trial court is reversed, with directions to grant the writ.