## McLAUGHLIN v. UNITED STATES.*
### No. 10531.

Circuit Court of Appeals, Eighth Circuit.
July 2, 1936.

George T. Sullivan, of Omaha, Neb., for appellant.

Frederick G. Hawxby, Asst. U. S. Atty., of Omaha, Neb. (Joseph T. Votava, U. S. Atty., and Ambrose C. Epperson, Asst. U. S. Atty., both of Omaha, Neb., and Barlow Nye, Asst. U. S. Atty., of Lincoln, Neb., on the brief), for the United States.

Before STONE, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

An indictment in two counts was returned against the appellant, defendant be-

*Rehearing denied Aug. 24, 1936.

low, in the District Court. The first count charged the defendant and one Houck with conspiracy to violate the Harrison Narcotic Act (26 U.S.C.A. §§ 1040–1054, 1383–1391) and the Jones-Miller Act (21 U.S.C.A. § 171 et seq.). The second charged the defendant with concealment of two cubes of morphine hydrochloride, knowing the same to have been illegally imported into the United States.

The case was tried to a jury and a verdict of guilty was returned upon both counts. Thereafter defendant was sentenced to the penitentiary for a term of two years on each count of the indictment, the sentences to run concurrently.

The appellant seeks reversal upon two grounds: (1) That the evidence is not sufficient to sustain the verdict of the jury; and (2) that the trial court abused his discretion in overruling the defendant's motion for a continuance and in compelling the defendant to proceed to trial in the absence of his attorney.

The contention that the evidence is not sufficient to sustain the verdict is without merit. It would serve no useful purpose to review the testimony here. We have read the record with care and find that upon both counts there is ample evidence to support the verdict.

The second contention of the defendant is equally without merit. An application for a continuance in a criminal case is a matter which rests largely in the discretion of the trial judge, and, unless there is a plain abuse of that discretion, it is not reversible error to deny the application. Rachmil v. United States (C.C.A.2) 288 F. 782, 784; Hamil v. United States (C.C.A.5) 298 F. 369, 371; Shores v. United States (C.C.A.9) 80 F.(2d) 942. In the instant case the defendant was arraigned on September 28, 1935, and the cause was set for trial on November 12, 1935, of which the defendant was given two weeks' notice. On the morning fixed for the trial, November 12, 1935, a motion for a continuance was filed alleging as a reason therefor that the defendant's attorney was a member of the Nebraska legislature and "his duties as a Senator * * make it necessary that he spend all of his time in Lincoln." There was no showing that this fact was not known during the entire two weeks prior to the day fixed for the trial. When the motion was overruled, the court gave the defendant an hour to procure another attorney and offered to appoint counsel to defend him. The defendant made no effort to secure other counsel and refused the proffered aid of the court. There was nothing complicated in the nature of the case. The issues were simple, the witnesses few, and the testimony direct and positive. The rights of the defendant were fully protected. It is obvious that he did not have a meritorious defense. The trial court did not abuse his discretion in denying the motion for a continuance. The judgment must be, and it is, therefore, affirmed.