## BAER v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted October 3, 1923. Decided November 5, 1923. Rehearing Denied November 24, 1923.)

No. 3991.

1. **Criminal law ⬅➡394—Testimony as to identification of goods admissible, though defendant had not been arrested.**

In a prosecution for receiving stolen cigarettes, an objection to the testimony of prosecuting witness that he was present when the cigarettes were seized, in defendant's lunch room, that it had not been shown that defendants at that time had been arrested, was without merit, as the testimony merely related to identification of the cigarettes.

2. **Criminal law ⬅➡778(4), 789(4)—Charge held to cover presumption of innocence and reasonable doubt.**

In a prosecution for receiving stolen goods the granted prayers and the court's charge held to fully cover the question of presumption of innocence and the term "reasonable doubt."

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Receiving stolen goods ⊚⇒9(2)—Requested prayer relating to defendant's explanation held likely to confuse jury.**

In a prosecution for receiving stolen goods, in which the instructions covered the question of presumption of innocence, a requested prayer, that "if the defendants gave an explanation that was reasonable, natural, and probably true, the jury should not convict them, unless the government proves such explanation false beyond a reasonable doubt" *held* to have a tendency to confuse the jury, and was properly modified.

**4. Criminal law ⊚⇒893—Verdict of guilty held rejection of defendant's explanation.**

In a prosecution for receiving stolen goods, a verdict of guilty necessarily amounts to a rejection of defendant's explanation.

**5. Criminal law ⊚⇒772(5)—Permissible to infer from all circumstances of case what was in defendants' minds.**

In a prosecution for receiving stolen goods, an instruction that it was permissible to infer "from all the circumstances of the case" what was in defendants' minds at the time of the commission of the alleged offense *held* proper.

Appeal from the Supreme Court of the District of Columbia.

Harry I. Baer and another were convicted of receiving stolen property, and the named defendant appeals. Affirmed.

Robert I. Miller and E. Russel Kelly, both of Washington, D. C., for appellant.

Peyton Gordon and O. E. Koegel, both of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and BAILEY, Justice of the Supreme Court of the District of Columbia.

ROBB, Associate Justice. Appellant and another were convicted in the Supreme Court of the District of the crime of receiving stolen property.

[1] Joseph E. Dyer conducted a wholesale grocery store, and within a short distance therefrom appellant and another conducted a lunchroom. Working for Mr. Dyer was a man by the name of Williams, who testified that at the suggestion of the lunchroom proprietors he had stolen a quantity of cigarettes from his employer, delivered them to the proprietors of the lunchroom, and received pay therefor. Mr. Dyer testified that he was present when the cigarettes in question were seized in the lunchroom. To this the defendants objected and excepted, on the ground that it had not been shown that at that time "the defendants, or either of them, had been arrested under due process of law."

In support of this exception appellant's counsel cites United Cigar Stores v. Young, 36 App. D. C. 390, and other unlawful arrest and unlawful search and seizure cases. Obviously these cases have no bearing on the question here, for Mr. Dyer's testimony related not to an arrest, but to an identification on defendants' premises of goods stolen from the witness. It was immaterial whether an arrest had or had not been made prior to that time.

Appellant submitted twelve prayers, six of which were granted without change, five granted with modification, and one, for an instructed verdict, refused.

[2] The granted prayers and the court's charge fully covered the question of presumption of innocence and the term "reasonable doubt." Prayer No. 3, as granted, read in part as follows:

"Until your minds are convinced beyond a reasonable doubt, after weighing all the evidence in the case, and after weighing the presumption of innocence that exists in favor of the defendants, that the government has proved beyond a reasonable doubt each and every material fact essential and necessary to constitute the offense charged in the indictment, the defendants are to be considered by you innocent, and your verdict should be not guilty."

In prayer No. 7, granted as submitted, the jury were instructed that proof—

"that the property described in the indictment was stolen and afterwards received by the defendants creates no presumption that the defendants knew such property to have been stolen, but their alleged knowledge of that fact is a separate substantive fact, to be established like any other in the case to the satisfaction of the jury beyond a reasonable doubt."

[3] It is here insisted that the court erred in modifying prayers Nos. 8 and 10. Prayer No. 10 as submitted, and which does not differ materially from prayer No. 8, reads as follows:

"The jury are instructed that, if the defendants gave an explanation that was reasonable, natural, and probably true, the jury should not convict them, unless the government proved such explanation false beyond a reasonable doubt."

[4] The jury had been correctly instructed that the burden was upon the government to establish every essential element of the crime charged, and further that "all the evidence in the case" was to be considered in the determination of that issue. That was sufficient. The granting of prayers Nos. 8 and 10, as submitted, would have tended merely to confuse the jury. A finding of guilty, after consideration of all the evidence in the case, necessarily amounted to a rejection of defendants' explanation.

[5] The third and last assignment of error relates to that part of the court's charge in which the jury were instructed that it was permissible to infer, "from all the circumstances of the case," what was in the minds of the defendants at the time of the commission of the alleged offense. That actions frequently speak louder than words is as true in criminal as in civil cases. The jury in the present case were not instructed that the surrounding facts and circumstances indicated guilt, but merely that the jury might determine the intentions of the defendants from those facts and circumstances. Since the assignment of error based upon the refusal of the court to grant the prayer for an instructed verdict is not insisted upon here, it is apparent that counsel recognize that there was sufficient evidence before the jury to sustain the verdict. But, apart from this consideration, we may state that a reading of the record leaves no room for doubt on this question.

Finding no error in the record, we affirm the judgment.

Affirmed.