EASTMAN et al. v. UNITED STATES.
HENDIN v. SAME.
Nos. 13032, 13033.

Circuit Court of Appeals, Eighth Circuit.
Jan. 16, 1946.
As Modified on Denial of Rehearing
March 4, 1946.

Louis B. Sher, of St. Louis, Mo., for appellants.

Arthur A. Hapke, Asst. U. S. Atty., of St. Louis, Mo. (Harry C. Blanton, U. S. Atty., of Sikeston, Mo., on the brief), for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

These consolidated cases present for review judgments of conviction under the 14th count of an indictment charging defendants with engaging in the business of purchasing distilled spirits "for resale at wholesale" without having the basic permit prescribed by law, in violation of 27 U.S.C.A. § 203(c) (1). The defendants in Case No. 13,032 are the owners of and conduct the business of buying and selling liquor at the Peoples Liquor Store, 2601 Market Street, Saint Louis, Missouri, and defendant in case No. 13,033 is charged as the manager of the store. The owners of the business had obtained a federal wholesale liquor dealer's stamp which permitted them to sell in the course of their business distilled spirits in quantities of five gallons or more to the same person at the same time, but it was proved and not disputed that they did not have the basic permit required by the federal statute under which they were indicted to entitle them to engage in the business of purchasing liquor for "resale at wholesale". The relevant provisions of that statute are:

"In order effectively to regulate interstate and foreign commerce in distilled spirits, wine, and malt beverages, to enforce the twenty-first amendment, and to protect the revenue and enforce the postal

laws with respect to distilled spirits, wine, and malt beverages: * * *

"(c) It shall be unlawful, except pursuant to a basic permit issued under this chapter by the Secretary of the Treasury—

"(1) To engage in the business of purchasing for resale· at wholesale distilled spirits, wine, or malt beverages; * * *".

27 U.S.C.A. § 207, relating to the penalty, provides: " * * * Any person violating any of the provisions of section 203 or section 205 of this title shall be guilty of a misdemeanor and upon conviction thereof be fined not more than $1,000 for each offense. * * *"

The words "resale at wholesale" are de-. fined in the controlling regulation of the Federal Alcohol Administration[1] as meaning a "sale to any trade buyer" and there is no question that the business of buying and selling to such trade buyers is treated in the law and regulations as an entirely distinct business, taxed and regulated by provisions different from those applicable to dealers who have license to sell to persons other than trade buyers.

█ It is contended on these appeals that the evidence was insufficient to sustain the convictions and that verdicts should have been directed for each of the defendants, but a study of the record has convinced that the evidence was sufficient as to defendants in No. 13,032.

It was clearly established that it was a part of the liquor business carried on by defendants in their store at the described premises to purchase and make very numerous sales of liquor to various persons in quantities of five or more gallons at one time, and we think the jury was justified in concluding from the circumstances in evidence before it that defendants knowingly and wilfully included the making of sales to trade buyers and violated the statute as charged.

The statute is in the form of a prohibition against engaging in the business of buying liquor .to sell to trade buyers because under the scheme of liquor regulation the government goes to the source of the liquor and checks and taxes from the original distiller on down to the consumer. The laws and regulations provide a complete scheme intended to be made effective through the reports and accountings that are required from the handlers. Thus these defendants were required to and did undertake to make reports in respect to their large volume sales to the Internal Revenue Department. The evidence is that their reports over the period in question stated that they had in a great many instances purchased and sold on specified dates, large quantities of liquor to persons residing at described addresses. The quantities so reported as bought and sold to the named individuals are so greatly in excess of any normal individual consumption requirements that; without explanation, the natural and reasonable inference from the transaction would be that further handling of the liquors was intended. But when a special investigator of the Alcohol Tax Unit inquired of defendant Eastman what steps he took to determine whether the large volume customers were dealers or consumers, Mr. Eastman stated that he put down the name given and that he was no detective. The gist of the defendants' position appears to be that a retail liquor dealer may escape the excise for buying to sell to trade buyers, and the penalties, by merely shutting his eyes to the nature of his sales.

The reports of large volume sales of the Peoples Liquor Store stated among other things, that on June 5, 1943, the store received from itself 100 cases of whiskey which were sold to P. H. Clark of Joplin, Missouri, on the following June 7, and that on July 7, 1943, the store sold to .Fannie Gladdish 12 cases of liquor which had been received by the store from itself on the same day. The reports do not show when the store actually received the liquor from distributors.

In connection with the sale charged to Clark, witness P. H. Carlisle testified that he accompanied one Sanders to the Peoples Liquor Store and that Sanders carried on the sales transaction but presented Carlisle with a bill for the 100 cases at the bar of the store, and that later he paid Sanders and received the liquor. Carlisle testified that he thought he gave the name P. H. Clark to Sanders. Carlisle further stated that he operated a tavern at Joplin, Missouri, but was not asked whether he was a liquor dealer at the time of the 100-case purchase.

---

[1] Federal Alcohol Administration Regulation No. 1 Relating to the Issuance, etc., of Basic Permits under Federal Alcohol Administration Act of August 29, 1935, as amended to January 1939. Article 1 Definitions (g).

Fannie Gladdish testified that at the time of her purchase of 12 cases of liquor, for which she paid about $700, she was manager of a tavern, that a liquor license had been taken out in her name, and that she had a federal Retail Liquor Dealer's Stamp. She further testified that she took the liquor purchased from the Peoples Liquor Store to her tavern and placed it in the stock room.

The evidence discloses that many of the large volume sales were reported as made to persons who could not be found by federal inspectors and were unknown in the neighborhood in which the defendants' reports indicated they resided. Others were made to persons who disclaimed having purchased liquor in the amounts stated in the reports. The largest single sale shown was one involving 170 cases.

The sale to Fannie Gladdish was proven conclusively to have been made to a dealer licensed as such at the time of the sale. Proof of that sale, together with the testimony of Carlisle and the evidence regarding the other extremely large volume sales reported, justified the conclusion that defendants sold to dealers.

 Defendants contend that there was no evidence that they "engaged in the business" of purchasing for resale at wholesale and point out that there was no evidence as to when the liquor was purchased by them, or that it was purchased for other than retail purposes. However, defendants do not deny that they purchased the liquor for sale at their retail store. The statute which defendants are charged with violating must be construed so as to give effect to the legislative intent if that can reasonably be ascertained. Speeter v. United States, 8 Cir., 42 F.2d 937. The rule that criminal laws are to be strictly construed and defendants are not to be convicted under statutes too vague to apprise them of the nature of the offense, does not require distortion or nullification of the evident meaning and purpose of the legislation. United States v. Gaskin, 320 U.S. 527, 64 S.Ct. 318, 88 L. Ed. 287. In Arnold v. United States, 8 Cir., 115 F.2d 523, 526. we said: "As this is a criminal statute, it must be construed strictly, and it cannot be enlarged by implication or intendment beyond the fair meaning of the language used. It should not, of course, be construed so as to defeat the obvious intention of Congress."

 While the statute prohibits a liquor dealer who is not the holder of a basic permit from engaging in the business of purchasing liquor for resale at wholesale, proof that such a dealer is engaged in selling liquor to trade buyers is evidence that the liquor sold was purchased by him for that purpose. Such a dealer can hardly be heard to say that, while he sells liquor for resale at wholesale, he buys his liquor only for retail purposes. The character of his business, both as to the selling and buying of liquor, must necessarily depend upon the persons to whom he sells and the purpose for which they buy the liquor from him. Any different conclusion would virtually nullify the effectiveness of the statute.

 The indictment charged that defendants wilfully and knowingly made sales to dealers and the government does not contend that the convictions can be sustained in absence of proof of criminal intent. The offense of which defendants stand convicted is a statutory misdemeanor and is merely malum prohibitum. The statutes do not require that the acts denounced must be done "knowingly or wilfully." It may well be argued that proof of criminal intent is unnecessary or that, as it is sometimes expressed, the law imputes intent from the doing of the act denounced. See United States v. Balint, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604; Booth v. United States, 9 Cir., 197 F. 283; Feely v. United States, 8 Cir., 236 F. 903; Hargrove v. United States, 5 Cir., 67 F.2d 820, 90 A.L.R. 1276. However, as previously stated, we believe that the evidence and inferences reasonably to be drawn therefrom justified the jury in concluding that defendants knowingly and wilfully violated the statute, as charged in the indictment. The extremely large sales and the fact that few of the purchasers could be located were circumstances which the jury could consider on the issue of guilty knowledge and intent. Criminal intent may be established by circumstantial evidence and, in fact, is seldom provable otherwise. Estep v. United States, 10 Cir., 140 F.2d 40. We conclude that the evidence is sufficient to sustain the conviction of defendants Eastman and Marglous.

 The evidence, however, is insufficient to sustain the conviction of defendant Hendin in case No. 13,033. While this defendant is alleged to have been the manager of the Peoples Liquor Store, we have searched the record in vain for proof

84

of that fact. Nor is there evidence that Hendin had supervisory authority over the persons who made the sales or had any connection therewith or with any purchases made by the store. None of the government's exhibits bear his name. The witness Carlisle pointed to two persons who were in the store when he and Sanders entered to purchase liquor, but the transcript of evidence fails to disclose the identity of the person pointed out other than defendant Eastman. Even if Hendin was the other person pointed out by Carlisle, there is no evidence of his connection with the store, or even with the particular transaction, other than Carlisle's testimony that at the time of the transaction Sanders talked with the two men who were in the store when he and Carlisle entered. In this state of the evidence we cannot sustain the conviction of defendant Hendin.

The defendants contend that the instructions did not fully and fairly apprise the jury of the nature of the offense and all essential facts required to authorize conviction.

 The only exception taken to the instructions was a general exception that they did not correctly state the law. This exception was insufficient for failure to point out the error or omissions relied on. Bronstein v. United States, 8 Cir., 17 F.2d 12, 14. In the Bronstein case we said, "A general exception to a charge is equivalent to no exception, if the charge contains any correct propositions of law at all." The instructions given in this case not only contained correct propositions but clearly and fairly presented the case to the jury. The court stated in the instructions that the issue, boiled down, was the government's charge that defendants sold liquor at wholesale for resale purposes, without including in that statement the words "knowingly or wilfully." However, the instructions must be considered as a whole, and in another instruction the court stated that defendants were charged with "unlawfully, wilfully and knowingly" engaging in the business of purchasing liquor for resale at wholesale without obtaining a basic permit. The court also defined the words "knowingly" and "wilfully."

 Defendants' requested instruction to the general effect that defendants could not be held liable for "unlawful diversions" of liquors for resale purposes unless the jury found from the evidence beyond reasonable doubt that such diversions resulted from a conspiracy in the manner charged in the indictment, and that defendants were parties to the conspiracy, was properly refused. The indictment does not charge a conspiracy and none was required to be proved. This instruction could have done no more than confuse the jury concerning the issue to be determined.

Defendants complain of refusal to grant their motion for a continuance until the next term of court. The case was originally set for trial on October 30, 1944, and had been continued until December 18, because of illness of a defendant. The application for the second continuance was made December 16, only two days before the case was to be heard. The motion was based on absence of a witness who was in the Armed Forces in Europe. The witness was an accountant employed by defendants and is said to have explained the nature of defendants' business and how it was conducted to the District Supervisor of the Alcohol Tax Unit and made inquiry whether defendants were required to obtain a basic permit. The witness was informed that such a permit was unnecessary and relayed this information to defendants. The defendants contend that testimony of the absent witness would have established their good faith and lack of criminal intent.

 There is no dispute that a basic permit was unnecessary if defendants did not sell to liquor dealers, and it is not contended that they were informed that they could make such sales without obtaining the permit. In order to authorize sales to trade buyers the law required defendants to have a basic permit and they are presumed to know the law. It is difficult to discern what value the testimony of the absent witness could have been to defendants. Certainly it was not necessary to establish that defendants not only knew what they were doing, but also supposed that they were breaking the law. Schmeller v. United States, 6 Cir., 143 F. 2d 544.

Furthermore, the motion did not show definitely that the testimony would be available at the next term. It merely stated that an effort was being made to get the witness a furlough and, if that failed, defendants would attempt to secure his deposition in Europe.

A motion for a continuance is addressed to the sound discretion of the trial court

and action of that court on the motion will not be disturbed in absence of a clear showing of abuse of discretion or of manifest injustice. Harper v. United States, 8 Cir., 143 F.2d 795. We cannot say that denial of the motion constituted an abuse of discretion or resulted in a manifest injustice.

The contention that it was reversible error to permit the United States Attorney in his argument to the jury to call attention to the fact that large quantities of liquor were sold by defendants between April 27, 1943, and November 12, 1943, and to state that no doubt these large quantities were being purchased for the purpose of resale, not for consumption by the purchaser, is equally without merit. Defendants insist this argument was improper in absence of evidence that the purchasers advised defendants of an intention to resell or that defendants knew of the character of the purchasers or that they intended to resell the liquor. A prosecuting attorney may make any argument which is based on evidence or reasonable inferences deducible therefrom. Baker v. United States, 8 Cir., 115 F.2d 533, cert. den., 312 U.S. 692, 61 S.Ct. 711, 85 L.Ed. 1128; Portman v. United States, 8 Cir., 34 F. 2d 406. The fact that large volume purchases had been made was in the evidence and the argument related to a permissible inference that might be drawn from that evidence.

Judgment in Case No. 13,032 affirmed.

Judgment in Case No. 13,033 reversed.