## UNITED STATES v. SEHON CHINN.

### No. 7498 Criminal.

District Court, S. D. West Virginia.
April 11, 1946.

L. E. Given, U. S. Atty., of Charleston, W. Va., and Philip A. Baer, Asst. U. S. Atty., of Huntington, W. Va., for the Government.

Defendant pro se.

HARRY E. WATKINS, District Judge.

Defendant is now imprisoned in the United States Penitentiary at Alcatraz, Cal. He was sentenced in this court on May 16, 1944, after entering a plea of guilty to each of five indictments charging him with theft from the mails, robbing a post office inspector, violating the Selective Training & Service Act, 50 U.S.C.A.Appendix, § 301 et seq., attempting to escape from jail and conspiracy to escape from jail. He has made a motion to vacate the sentence of four years imposed upon him under Indict-

ment No. 7398 charging theft from the mails. His motion was filed in this court on March 10, 1945, many months after the term of court had ended, at which such sentence was imposed, and many months after he had entered upon the service of such sentence.

As grounds for such motion he says that the Fifth Amendment to the Constitution prohibits a conviction and sentence upon an indictment, as here, which contains charges of a criminal nature not indictable under the laws of the United States; that he is now under commitment upon a fatally defective indictment, and that it is the duty of the trial court to vacate the sentence entered thereon.

Section 317, Title 18, United States Code Annotated, provides, in part, as follows:

"Whoever shall steal, take, or abstract, or by fraud or deception obtain, or attempt so to obtain, from or out of any mail, post office, or station thereof, or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or shall abstract or remove from any such letter, package, bag, or mail, any article or thing contained therein * * * shall be fined not more than $2,000 or imprisoned not more than five years, or both."

The indictment in question charges:

"That * * * on or about the 5th day of January A. D. 1943, at Huntington, County of Cabell, State of West Virginia, District aforesaid and within the jurisdiction of this court, Sehon Chinn did knowingly, wilfully, unlawfully and feloniously take, abstract and steal from and out of a mail box at 609 West Ninth Avenue, Huntington, West Virginia, being then and there an authorized depository for the receipt of mail matter and delivery thereof by the Post Office Department of the United States, a certain envelope addressed to Mrs. William M. Smith, 609 West Ninth Avenue, Huntington, West Virginia, the said envelope having been deposited in a street letter box at intersection of University and Stewart Avenues, Ithaca, New York, said letter box being then and there an authorized depository for the receipt of mail matter and delivery thereof by the

Post Office Department of the United States, and which envelope contained a check payable to the addressee aforesaid, and with the intent that the envelope and check therein · contained, be delivered by and through the United States mail to the addressee aforesaid, in violation of Title 18, Section 317, United States Code, as amended August 7, 1939, and against the peace and dignity of the United States."

Defendant urges that the indictment charges defendant with having stolen "a certain envelope" from an authorized depository of mail matter, whereas the statute in question makes no reference to an "envelope." He says that it is incumbent upon the pleader to charge the article stolen (in the exact language of the statute) to be any "letter," "postal card," "package," "bag" or "mail"; and that unless one of. these words is used in the indictment it is fatally defective.

■ Prior to the adoption of the Federal Rules of Criminal Procedure, there was a definite limit to the authority of the trial court to change its judgment after it is once imposed. These instances were narrowly defined in United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129. The general rule has been that in the absence of statute providing otherwise, a court could not set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during that term. Bronson v. Schulten, 104 U.S. 410, 415-417, 26 L.Ed. 797, 799, 800; Wetmore v. Karrick, 205 U.S. 141, 149-152, 27 S.Ct. 434, 51 L.Ed. 745, 748-750; In re Metropolitan Trust Co., 218 U.S. 312, 320, 321, 31 S.Ct. 18, 54 L.Ed. 1051. One exception to this rule is pointed out in United States v. Mayer, supra, wherein it is said that, in courts of common law, at a subsequent term, the court has power to correct inaccuracies in mere matters of form or clerical errors, and, in civil cases to rectify such mistakes of fact as were reviewable on writs of coram nobis, or coram vobis, for which the proceeding by motion is the modern substitute. Some courts have referred to this remedy as having possible application to federal criminal procedure. U. S. v. Mayer, supra; Robinson v. Johnston, 9 Cir.,

118 F.2d 998; Strang v. United States, 5 Cir., 53 F.2d 820. Quite a few courts have also held either expressly or impliedly, that, where a sentence has been imposed which is clearly, and as a matter of law, invalid upon its face, the court may correct the sentence after the term of court has ended. Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392; Gilmore v. United States, 10 Cir., 124 F.2d 537; Meyers v. United States, 5 Cir., 116 F.2d 601; Holiday v. United States, 8 Cir., 130 F.2d 988. Where such has occurred a motion to vacate the sentence is the proper remedy. Holiday v. Johnston, 313 U.S. 342, 349, 61 S.Ct. 1015, 85 L.Ed. 1392; Blackwood v. United States, 8 Cir., 138 F.2d 461; Preveden v. Hahn et al., D.C.S.D.N.Y., 36 F. Supp. 952.

■ The effect of defendant's argument is that the indictment was void, and that this court, therefore, had no jurisdiction to sentence him. If defendant's contention as to the validity of the indictment is correct, under the authorities above cited, this court has jurisdiction to vacate the sentence even after the term of court has ended.

It is interesting to note that Rule 45(c) of the new Federal Rules of Criminal Procedure expressly provides that the expiration of a term of court in no way affects the power of a court to do any act in a criminal proceeding.

In view of the fact that defendant is now serving a long prison term and has filed a brief in support of his contentions, the court feels that it should discuss the merits of this motion in so far as it attacks the validity of the sentence and the jurisdiction of this court to impose the same.

■ It will be noted that the indictment describes the article stolen as "a certain envelope." Had there been nothing further in the indictment to describe the stolen article, it might be urged that stealing an envelope was quite different from stealing a "letter" or "mail," prohibited by the statute. But here the indictment describes the article stolen with much detail. Let us see if such description when fully considered describes the article stolen as being what is commonly known as a "letter" or "mail." It says that such envelope contained a

check, payable to the addressee on the envelope; that it was placed in a street letter box located at the intersection of University and Stewart Avenues, Ithaca, New York; that such letter box was an authorized depository for the receipt of mail matter and for the delivery thereof by the Post Office Department of the United States; that it was placed in such mail box in Ithaca with intent that the envelope and check therein contained be delivered by and through the United States mails to the addressee; that the defendant stole such envelope addressed to Mrs. William M. Smith, 609 West Ninth Avenue, Huntington, West Virginia, out of her mail box at 609 West Ninth Avenue, Huntington, West Virginia. Defendant says, in effect, that this language is not sufficient to inform him that he was charged with either stealing a "letter" or "mail," within the meaning of the statute. It seems to me that the description of the article stolen is clearly sufficient to describe and define what is commonly known as both a "letter" and "mail."

Defendant was represented by counsel. No attack was made upon the sufficiency of the indictment, defendant voluntarily entering a plea of guilty. No request was made for a bill of particulars and no demurrer or motion to quash was made. Here the facts as to what defendant took from the mail were fully known to him. His sentence on conviction after plea of guilty is the same as if he had been found guilty after a trial by court or by a jury. His situation is much the same as if, after verdict, he discovered that, through inadvertence or his ignorance of the law, or that of his attorney, he has failed to offer evidence of facts, of which he had full knowledge, at the trial, to show that the article stolen was not in fact a "letter" or "mail."

In the case of Kelly v. United States, 9 Cir., 138 F.2d 489, the defendant was charged with assaulting a mail custodian and robbing the mail. The indictment charged robbery of mail matter instead of "mail," as set out in the statute, and referred to articles stolen as money and stamps. In its opinion the court denied the motion to vacate sentence and said that money and postage stamps "could be" mail matter or mail, that is, in the mail as distinguished from cash and stamps owned by the government but not in the mail.

Here the indictment could have been more aptly drawn. It fully described the stolen object and that description leaves no room for doubt that it was a "letter" or "mail," as these words are commonly known, but it did not use the exact language of the statute. In comparing the language of the indictment with the statute we must lay aside technical formalities. When this is done we see that it clearly charges an offense under Section 317, including all the essentials, and that it fully informed defendant of the nature of the charge against him, and was of such character as to bar a subsequent prosecution for the same offense under Section 317.

No indictment is now deemed insufficient by reason of any defect in matter of form only by virtue of Section 556, Title 18 U.S.Code, 18 U.S.C.A. § 556. It is no longer necessary that the essential averments in an indictment be made in any particular form. This is true even though that form has been sanctioned by long precedent and usage. If the essential allegations appear in any form or may by fair construction be found anywhere within the text of the indictment, it is sufficient. Berger v. United States, 1935, 295 U.S. 78, 82, 55 S.Ct. 629, 630, 79 L.Ed. 1314. See also Hagner v. United States, 1932, 285 U.S. 427, 431, 52 S.Ct. 417, 419, 76 L.Ed. 861. United States v. Spain, D.C.E.D.Ill., 32 F. Supp. 28, 29 and cases there cited. It must inform defendant of the charge against him and be sufficiently definite that the judgment might be pleaded as a complete bar to any second prosecution for the same offense. The rigor of old common-law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded. United States v. Fawcett, 3 Cir., 1940, 115 F.2d 764, 132 A.L.R. 404.

We are not now considering whether the court would have approved the indictment if it had been attacked by defendant by demurrer or motion to quash. If it contained averments · which clearly expressed what was meant to be charged even though such averments were not

technically in the language of the statute, such technical defects were cured by the conviction and judgment, in view of defendant's failure to ask for a bill of particulars or to attack the indictment by motion to quash or demurrer. An indictment is construed more liberally after judgment than before. Hagner v. United States, supra. And this applies when judgment is entered on plea of guilty as well as on verdict. Malinow v. United States, 4 Cir., 42 F.2d 374. "The rule that criminal laws are to be strictly construed and defendants are not to be convicted under statutes too vague to apprise them of the nature of the offense, does not require distortion or nullification of the evident meaning and purpose of the legislation." Eastman v. United States, 8 Cir., 153 F.2d 80, 83.

It is clear that this indictment was not void. Any imperfection was in matter of form only. It sufficiently alleged an offense under Section 317. This court had jurisdiction to pronounce sentence upon defendant. The motion to vacate the sentence is denied.