## FRANKFURT v. DISTRICT OF COLUMBIA.
### No. 747.

Municipal Court of Appeals for the District of Columbia.

March 18, 1949.

Herman Miller, of Washington, D. C., for appellant.

Chester H. Gray, Principal Asst. Corp. Counsel, of Washington, D. C. (Vernon E.

West, Corp. Counsel and Edward A. Beard, Asst. Corp. Counsel, both of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Defendant was charged with having participated in a device or arrangement with intent to evade the District of Columbia Emergency Rent Act. The prosecution was had under Section 10(b) of the Act.[1] The trial was before a judge and resulted in a conviction. Defendant has brought this appeal.

She contends that there was no evidence to support the conviction, and this contention necessitates a recital of some of the testimony. In June 1947 appellant entered into a contract with her stepfather agreeing to buy from him a duplex apartment building at 1513-28th Street, Southeast. The purchase price was set at $10,000, of which appellant paid only $300 in cash and contracted to pay the balance at the rate of $112.50 per month. The following month she served notice to vacate on one McCarthy who was the tenant in possession of apartment No. 1. This apartment consisted of three rooms and bath, together with a recreation room and toilet in the basement, for which, unfurnished, McCarthy had been paying $46 per month. As grounds for her demand for possession appellant stated that she required the apartment for her personal use. In July 1947 she sued McCarthy in the Landlord and Tenant Branch of the Municipal Court, claiming possession on the ground that she had "purchased said premises in good faith for her immediate and personal use and occupancy as a dwelling." McCarthy resisted the suit, filing through his attorney a motion to dismiss which was denied, and also filing an answer in which he denied among other things that the plaintiff sought possession in good faith for her immediate and personal use as a dwelling. After some negotiations between counsel for the parties a compromise was reached, set out in a written stipulation filed in the landlord-tenant suit on August 22, 1947.

It provided for entry of a judgment by confession in favor of plaintiff for possession of the apartment with a stay of execution until April 1, 1948. Pursuant to such judgment McCarthy actually vacated the apartment on April 11, 1948. Defendant had in the meantime, as a result of similar proceedings filed against the tenant of the second floor apartment, secured possession of said second floor apartment and had moved in part of her furniture and other belongings.

Four days after McCarthy moved from the first floor apartment appellant listed it for rent. She furnished and redecorated it. Included in the work she had done was blocking off of a stairway entrance from the first floor apartment to the recreation room which she put into use as a storeroom and a place for her husband to work and rest. All this work was completed about two weeks after McCarthy moved out, and about three days after it was completed appellant rented the apartment to a new tenant as a furnished apartment without the basement portion at $70 per month.

There was also testimony, confirmed by appellant herself, that when she was seeking approval of an increased rent ceiling on this apartment she told the Administrator's Assistant General Counsel that at the time she obtained the judgment against McCarthy and at the time McCarthy was moving "she did not know what she was going to do with it at that time."

In her own behalf defendant testified that she at all times wanted both apartments for her own use; that she and her husband had always had six rooms and were accustomed to that much space; that when she filed the two suits she wanted both units for herself but that after she had moved into the second floor apartment she became aware of noises made by children in the neighborhood; that because she was of a nervous temperment she wanted to avoid such noises which would be louder if she lived on the first floor; that because she had moved once she did not want to move again and decided she did not want to go to the

---

[1] Code 1940, Supp. VI, § 45—1610(b).

trouble of moving her clothing and other belongings into the first floor apartment. Then after talking the matter over with her stepfather who handled these matters for her it was decided to rent the apartment. This as we have seen was four days after McCarthy vacated. Neither appellant's husband nor her stepfather was produced as a witness.

■ Counsel for appellant argues that there was no proof that at the time the possessory actions were filed or at the time McCarthy vacated the first floor apartment that defendant did not intend to move into the entire building. But the law recognizes that actions frequently speak louder than words, and that surrounding circumstances may be sufficient to establish an intent.[2] Here the evidence was ample to meet this test.

The fact that she bought a $10,000 property from her stepfather, who was also her adviser, with a down payment of only $300 was an unusual if not necessarily a suspicious circumstance. Then followed two suits in which she made the unequivocal claim that she required the entire building for her immediate personal use as a dwelling and on that claim procured the judgment against McCarthy for possession of the first floor apartment. Yet she admitted that at neither the time of the action nor the removal of McCarthy had she actually decided what she was going to do with the apartment. The prompt redecoration, remodeling and furnishing of the apartment and the almost immediate renting of the apartment at a substantially higher rent, together with the other circumstances we have recited, fully justified the trial judge in finding that she had not sought and obtained possession of apartment No. 1 for her personal use but in order to evade the Rent Act.

In justification of her renting out the apartment after claiming that it was for her personal use, it is urged that there was a "change of circumstances" in the five months between her moving into apartment No. 2 and her obtaining possession of No. 1. This, together with her other explanations recited above, it is argued, entitled her to an acquittal as a matter of law. We view the question otherwise. We think this like the other explanations offered by defendant was to be weighed and considered by the trial judge in deciding the factual issues in the case including the issue of intent. We see no reason for disturbing his decision thereon.

■ Nor must the conviction be set aside merely because defendant moved into a part of the premises, the basement recreation room. We have held that under the Rent Act a landlord may recover possession of his property when occupancy is sought in good faith and not to evade or defeat the purpose of the Act, even though it is shown that he will not require the whole thereof as a personal dwelling. Heindrich v. Dimas-Aruti, D.C.Mun.App., 42 A.2d 138; Downs v. Karsh, D.C.Mun.App., 33 A.2d 620; Klein v. Fields, D.C.Mun.App., 32 A.2d 398. But in all of these cases there was full disclosure of this information at the trial of the suit for possession. Here there was no such disclosure. Nor do these cases hold that an occupation of part of the premises sought for personal occupancy as a dwelling will necessarily establish good faith or negative bad faith in the action.

It must be remembered that the charge in this case did not involve the whole building or the second floor. Rather it was limited to apartment No. 1, alleging that defendant had participated in an unlawful device or arrangement by securing the ouster of the first floor tenant on the ground that she required this apartment for her personal use and occupancy as

---

[2] Agnew v. United States, 165 U.S. 36, 17 S.Ct. 235, 41 L.Ed. 624; Michener v. United States, 8 Cir., 157 F.2d 616, reversed on other grounds, United States v. Michener, 331 U.S. 789, 67 S.Ct. 1509, 91 L.Ed. 1818; Gates v. United States, 10 Cir., 122 F.2d 571; Eastman v. United States, 8 Cir., 153 F.2d 80, certiorari denied 328 U.S. 852, 66 S.Ct. 1342, 90 L.Ed. 1625, rehearing denied, 329 U.S. 819, 67 S.Ct. 29, 91 L.Ed. 698; Baer v. United States, 54 App.D.C. 24, 293 F. 843.

a dwelling when in fact that was not her purpose.

██ The amended information on which the prosecution was had charged the offense had been committed "on or about the first day of July 1947 and divers other days between that date and the 28th day of April" 1948. Appellant moved to quash the information and such motion was overruled. She contends that the "device or arrangement" could only have existed at the time the landlord and tenant suit was filed against McCarthy and that the offense being laid between the dates mentioned, defendant was not reasonably informed of the charge the Government was making. The contention is without merit. We have recently held that in a possessory action the rights of the parties and the condition of plaintiff's claim are to be tested by the facts as they existed on the day the suit was filed.[3] This, however, is a criminal prosecution in which the Government alleged a device or arrangement by which the landlord was seeking to evade the Rent Act. In the very nature of things such an offense would not necessarily be reflected in a single act or limited to a single day. A series of acts or a planned course of conduct might be expected to be revealed. Therefore the information was not faulty merely because it spreads the dates between the time appellant purchased the property and the time of the final act—the renting of the apartment to the new tenant.

██ Finally, appellant relies on Simpkins v. Brooks, D.C.Mun.App., 49 A.2d 549, in support of her contention that no guilty intent was proven. She alleges that the stipulation and consent judgment were not open to a collateral attack. That decision does not govern here, however. This is not a suit between the former tenant McCarthy and the owner. McCarthy is not a party to this action and his rights are not here in litigation. This is a prosecution brought by the District of Columbia, not a party to the prior action, charging that the defendant violated the Rent Act by engaging in a willful scheme or device to secure possession of the apartment in question. The Government had a right to show the entire course of dealing which led up to the possessory suit, the stipulation and judgment which followed, as well as what the owner did or failed to do thereafter.

Finding no error in the record, the judgment below will be

Affirmed.

---

[3] Tatum v. Townsend, D.C.Mun.App., 61 A.2d 478, and cases there cited.